864 So.2d 493 (2004)
Dennis FISHER, Jr., Appellant,
v.
JOHN CARTER AND ASSOCIATES, INC., a Florida corporation, and T. Edward Hanner, individually, Appellees.
No. 4D02-3992.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
*494 Debra D. Duckett, Boca Raton, for appellant.
Richard J. Sarafan of Genovese, Joblove & Battista, P.A., Miami, for appellees.
POLEN, J.
This appeal arises out of a disputed award of attorneys' fees. Fisher filed a five-count complaint against Carter & Associates for (I) breach of contract, (II) shareholder's derivative suit, (III) accounting, (IV) wrongful termination under the Whistle-Blowers Act, and (V) breach of fiduciary duty. The trial court bifurcated the trial to first adjudicate Count I and Count IV. After the one-day trial, the court granted Carter's motion for involuntary dismissal as to Count I (breach of contract) and Count IV (the Whistle-Blower claim), dismissed the remaining counts, and entered final judgment on August 8, 2001, expressly reserving jurisdiction to award fees in favor of Carter. That judgment on the merits has since been affirmed.
Carter moved for attorneys' fees under section 57.105, Florida Statutes, on November 19, 2001, more than three months after the August 8, 2001, final judgment was entered. The motion alleged that there was no justiciable issue of fact or law and that Fisher knew of the lack of evidence. The motion was set for hearing on February 4, 2002. At the hearing, Fisher made essentially two arguments in opposition to the awarding of fees. First, Fisher incorrectly argued that Florida black letter law required claims for fees to be specifically pled. Second, Fisher argued Florida Rule of Civil Procedure 1.525 absolutely barred any application for attorneys' fees not filed within thirty days of final judgment, and that the thirty-day deadline could not be extended.
The trial court rejected Fisher's second argument, finding Florida Rule of Civil Procedure 1.525 to be non-jurisdictional, but denied Carter's motion for fees "based on an absence of pleaded prayer therefor." After the hearing, Carter filed a motion for rehearing based upon the trial court's reliance on Fisher's incorrect statement of law. Fisher filed a memorandum in response, arguing the issues of timeliness and entitlement. The rehearing took place on March 26, 2002. Both parties presented their arguments to the court. Fisher claims that the court cut short his argument on entitlement by clarifying that the *495 only issue being addressed was whether Carter had properly pled for fees. Though the court did express words to that effect, it quickly explained that timeliness was the only issue upon which it had not reached a conclusion. Notwithstanding, Fisher proceeded to present in full his argument on the merits of entitlement. The court thereafter entered an order adjudicating Carter's entitlement to an award of fees and costs with the amount thereof to be quantified either by agreement of the parties or at a later evidentiary hearing. Eventually the parties reached an agreement as to the appropriate amount of fees and costs to be awarded, and a final judgment for those agreed amounts was accordingly entered. It is from that final judgment which Fisher now appeals. For the reasons stated below, we affirm the award of attorneys' fees.
Fisher's first argument on appeal is that Carter's motion for section 57.105 fees was untimely under Florida Rule of Civil Procedure 1.525, or otherwise untimely because more than three months expired from the entry of final judgment before the motion was filed. Florida Rule of Civil Procedure 1.525 provides that "any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment...." Actions that were still pending when Florida Rule of Civil Procedure 1.525 became effective are subject to the rule. See Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002) (holding that the rule requiring a party seeking attorneys' fees and costs to serve a motion within thirty days after filing of the judgment applied to action that was pending when rule became effective, and thus, vendor's motion for attorneys' fees and costs, which was filed seventy-seven days after judgment, was untimely). As such, this action is subject to rule 1.525 because the case was still pending after the effective date of January 1, 2001. Final judgment was entered on August 8, 2001. Carter reframes the issue on appeal as whether the trial court had discretion to extend the thirty-day deadline under rule 1.525. Carter alleges that the thirty-day deadline is subject to being extended by the trial court in accordance with Florida Rule of Civil Procedure 1.090(b) (authorizing a trial court to enlarge the time for performing acts "allowed to be done at or within a specified time ..., by these rules").
Former section 768.79, Florida Statutes (1991) (offer of judgment and demand for judgment) and section 45.061(2), Florida Statutes (1987) (offers of settlement), required a motion for attorneys' fees to be filed within thirty days after the entry of final judgment. The third district believed the express language of the Florida Statutes § 768.79 required the motion for attorneys' fees to be filed within thirty days after the entry of judgment regardless of whether the trial court reserved jurisdiction to award attorneys' fees. Bodek v. Gulliver Academy, Inc., 659 So.2d 354 (Fla. 3d DCA 1995). On the contrary, the first district interpreted the thirty-day time limit in section 45.061(2), Florida Statutes, as non-jurisdictional or rather that a reservation of jurisdiction to award attorneys' fees operated as an enlargement of time for the filing of a motion for attorneys' fees under Florida Rule of Civil Procedure 1.090(b). Gilbert v. K-Mart Corp., 664 So.2d 335 (Fla. 1st DCA 1995).
In Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997), the Florida Supreme Court resolved the split and adopted the first district's view by recognizing that Florida Rule of Civil Procedure 1.090(b) applies to both statutes. The Supreme Court held that
when the trial court entered final judgment, the court reserved jurisdiction to *496 entertain a motion for attorney fees and costs. This reservation of jurisdiction allowed the trial court to consider further proceedings on the issue of attorney fees even though the motion for fees was filed more than thirty days after the entry of judgment. We find that a reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b), which may allow a party to file late a motion for attorney fees. Any other interpretation would make the trial court's reservation in the final judgment not only a nullity but a procedural trap.
Id.
Consequently, we read Gulliver as supporting by way of analogy that the reservation of jurisdiction extends the time for filing a motion for attorneys' fees. Furthermore, the Supreme Court announced in Gulliver that no finding of excusable neglect was required to extend the time for filing a motion for attorney fees through reservation of jurisdiction in the final judgment; excusable neglect would only be a necessary finding if the reservation of jurisdiction occurred after the thirty-day time requirement. Id. In the instant case, the trial court expressly reserved jurisdiction to award attorneys' fees in the final judgment, thus dispensing with the need to show that the failure to act within the time period was the product of excusable neglect in order to enlarge the time period under the rule. Though Gulliver was decided before Florida Rule of Civil Procedure 1.525 was adopted, the pertinent time provisions of the two statutes are so closely analogous to the rule that we can find no reason not to extend its holding.
We are unsure whether we are in conflict with Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003). In Wentworth, the fifth district rejected an argument that a reservation of jurisdiction in a final judgment entitles a party to an automatic extension of the thirty-day time limit to file a motion for fees.
A request for fees and costs contained within a complaint or answer simply puts one's adversary on notice that a claim for fees and costs will be sought at the conclusion of the case. It is neither self-effectuating, nor sufficient in itself to comply with Rule 1.525. Diaz, 832 So.2d at 201. A separate motion must be filed in order to comply with this rule.
Wentworth, 845 So.2d at 298-99. Notwithstanding, the fifth district held that rule 1.090(b) does apply to rule 1.525, so that a trial court can enlarge the thirty-day time requirement upon a showing of excusable neglect. Id. at 298-300. To the extent we are in conflict with Wentworth, we note that conflict.
Fisher also raises two additional issues on appeal. First, Fisher argues that the trial court erred in determining entitlement to fees without giving him notice that entitlement was being considered, and without giving him the opportunity to be heard on that issue. "Due process in a court proceeding demands that the defendant be given fair notice and a reasonable opportunity to be heard before a judgment is rendered." Hinton v. Gold, 813 So.2d 1057, 1060 (Fla. 4th DCA 2002). Fisher's due process claim is without merit for the reasons that follow.
Addressing Fisher's first allegation of lack of notice, it should be noted that there were two hearings which form the basis for this issue on appeal. The first hearing was on February 4, 2002, and concerned the Motion for Attorneys' Fees. The second was a rehearing for the same issue on March 26, 2002. Both hearings were duly and properly noticed. Fisher notes that the trial court specifically stated that the *497 only issue before the court on the rehearing was whether Carter's Motion for Fees was timely. Thus, Fisher claims that awarding fees at the rehearing without giving him notice that the entitlement issue was before the court is a due process violation. Fisher's argument is disingenuous because he takes the court's statement out of context, thus failing to accurately portray the court's comments in their entirety. Though the court did in fact utter similar words to the effect that the only issue was the timeliness of the motion, the court went on to further explain itself by saying "believe me, it's the only issue for me." When taken in the context of the entire rehearing, the court made clear that a determination had already been made concerning entitlement, and that only the issue of timeliness remained to be resolved. Furthermore, despite Fisher's alleged lack of notice, he filed a memorandum of law before the rehearing detailing all of the arguments in opposition to any award of attorneys' fees and he addressed similar arguments during both hearings. Such added circumstances clearly indicate that Fisher in fact had sufficient notice, and negate Fisher's second due process argument, the lack of an opportunity to be heard.
Fisher's next argument is that he was not given a chance to present his argument before the court on the issue of fee entitlement. Contrary to Fisher's claim, he was given ample opportunity in the first hearing to discuss the issue, but chose to lead the court astray by incorrectly stating the black letter law of Florida. Fisher's error, which the court relied upon in its February 4 order, created the need for the rehearing. Before the rehearing took place, Fisher again presented the court with its argument on fee entitlement in a memorandum entitled Plaintiff's Reply to Defendant's Motion for Rehearing Regarding Order of February 4, 2002. Then again at the rehearing on March 26, 2002, Fisher once more presented the court with his same argument on the merits of fee entitlement, namely that the complaint was not completely lacking any justiciable issues of law or fact. The record completely contradicts both of Fisher's claims, and therefore we can find no due process violation.
Fisher's final issue on appeal is that the trial court erred in impliedly finding a complete lack of a justiciable issue, as required for fees under section 57.105. When reviewing this issue, this court must look to see if the trial court abused its discretion in finding no justiciable issues of fact or law. See Read v. Taylor, 832 So.2d 219 (Fla. 4th DCA 2002). "In order to demonstrate a complete absence of justiciable issues, the claim or defense must be so clearly devoid of merit both on the facts and the law when presented as to be completely untenable." Arenas v. City of Coleman, 791 So.2d 1234, 1235 (Fla. 5th DCA 2001) (citation omitted). Fisher fails to meet his burden of proving that there was a justiciable issue, and consequently, we find no error on the part of the trial court and affirm the trial court's order as to this issue.
The complaint in this case initially involved five counts. The trial court bifurcated the trial to first adjudicate Count I and Count IV, and upon involuntarily dismissing those counts the trial court also dismissed the remaining three counts. Fisher's first argument on this issue is that the arguments in his plenary appeal, if successful, will raise justiciable issues of fact or law concerning the remaining three counts which were never tried on their merits. However, this argument need not be addressed because this court affirmed that judgment on June 11, 2002, thus rendering *498 such an argument moot.[1]
Fisher then contends that there was sufficient record evidence of the remaining two counts to create a justiciable issue of fact or law. First with regard to the Whistle-Blower count, Fisher explains that such allegations are very difficult to prove and then leads this court to believe that the trial court simply placed greater weight on Carter's evidence than that of Fisher. Fisher, however, never provided any references to the record to support this conclusion. In opposition, Carter contends that this conclusion is incorrect, claiming that Fisher failed to advance any testimony or evidence to support his allegation that he was fired in retaliation for his Whistle-Blower conduct, or that there was any Whistle-Blower conduct to begin with. Fisher in fact testified that he never gave written notice of intent to report the company to the IRS, as was claimed in his complaint and required by the Florida Whistle-Blowers Act. Furthermore, Carter had a valid reason for terminating him. Fisher testified that he intentionally violated management's express instructions and had been insubordinate. Additionally, Fisher acknowledged that the alleged issues in question were already brought to the attention of the IRS, and that the "issue was over." Such evidence as pointed out by Carter when taken in conjunction with Fisher's failure to pinpoint any conflicting evidence leads us to conclude that the Whistle-Blower count was frivolous.
The remaining count which Fisher contends constitutes a justiciable issue of fact or law involves a breach of contract action. Fisher claimed that Carter breached his contract by failing to pay commissions that were due. Once again however, Fisher fails to point out any documentary or testimonial evidence supporting this claim either. Notwithstanding, Carter again points to multiple record citations refuting this claim and indicating no justiciable issues of law or fact. In light of the ample record evidence suggesting that these claims were frivolous and the discretion given to the trial court in concluding as such, we conclude that the trial court did not err and thus affirm the award of attorneys' fees under section 57.105, subject to a finding of excusable neglect at the hearing on remand.
AFFIRMED.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] Fisher v. John Carter & Assocs., Inc., 848 So.2d 332 (Table) (Fla. 4th DCA 2003).