888 So.2d 102 (2004)
SAIA MOTOR FREIGHT LINE, INC., a Louisiana corporation; and RAY Charles Sellars, individually, Appellants,
v.
Leslie REID and Keichan Lewis, as Co-Personal Representatives of the Estate and Survivors of Joan Pauline Bryan, deceased, Appellees.
Nos. 3D03-2713, 3D03-2140.
District Court of Appeal of Florida, Third District.
November 24, 2004.
Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellants.
Ricci-Leopold and Scott C. Murray and Benjamin Salzillo, Palm Beach Gardens; Colson Hicks Eidson and Marc Cooper and Ervin A. Gonzalez and Barbara A. Silverman, Coral Gables, for appellees.
Before SHEVIN, WELLS and SHEPHERD, JJ.
SHEVIN, Judge.
Saia Motor Freight Line, Inc., and Ray Charles Sellars [collectively "Saia"], appeal an order awarding attorney's fees and an order awarding costs. We reverse the fee award, and we affirm the cost award.
Following entry of a judgment in favor of the Estate of Joan Bryan in a wrongful death action filed by joint personal representatives Leslie Reid and Keichan Lewis,[1] the court awarded attorney's *103 fees to co-personal representative Reid pursuant to the offer of judgment statute. Defendant Saia properly contends that Reid's offer was invalid as it was not submitted by the joint personal representatives.[2] A valid offer of judgment must be served by the party plaintiff. § 768.79, Fla. Stat. (2004); Fla. R. Civ. P. 1.442(c)(3). Under section 768.20, Florida Statutes, the personal representative is the only party plaintiff permitted to bring a wrongful death suit on behalf of the survivors. See Wiggins v. Estate of Wright, 850 So.2d 444, 446 (Fla.2003) (survivors cannot bring separate legal actions); Thompson v. Hodson, 825 So.2d 941, 949 (Fla. 1st DCA) ("By statute, a wrongful death claim is brought by one plaintiff  the personal representative of the estate of the deceased."), review denied, 835 So.2d 266 (Fla.2002). The survivors "are required to participate in a single legal action to be filed by the estate on behalf of all the survivors." Wiggins, 850 So.2d at 446.
In this case, the joint personal representatives of the estate properly filed the wrongful death action, see Fla. Emergency Physicians-Kang & Assocs. v. Parker, 800 So.2d 631, 633 (Fla. 5th DCA 2001); Hess v. Hess, 758 So.2d 1203 (Fla. 4th DCA 2000); Cont'l Nat'l Bank v. Brill, 636 So.2d 782 (Fla. 3d DCA 1994); Morgan v. Am. Bankers Life Assurance Co. of Fla., 605 So.2d 104 (Fla. 3d DCA 1992), and only the joint personal representatives "have the statutory authority to settle [the] wrongful death action." Thompson, 825 So.2d at 949; Pearson v. DeLamerens, 656 So.2d 217, 220 (Fla. 3d DCA 1995) ("personal representative is responsible for the conduct of the litigation"). See also § 733.615, Fla. Stat. (2004). Here, the joint personal representatives did not serve the offer of judgment; an individual co-personal representative sought to settle his survivor claim. The requirement that one legal action be filed to recover for all of the survivors cannot logically permit the individual co-personal representatives to settle the case separately. Any other conclusion would contravene the wrongful death act's statutory purpose precluding multiple suits. See In re Estate of Catapane, 759 So.2d 9, 11 (Fla. 4th DCA), review denied, 779 So.2d 270 (Fla.2000).[3] Of course, the individual co-personal representatives, who may also be survivors, may retain separate attorneys to represent their interests, and they may object to any settlement. See Pearson, 656 So.2d at 220. However, only the statutory party entitled to bring the case may settle it. See Thompson; Pearson; cf. Perez v. George, Hartz, Lundeen, Flagg & Fulmer, 662 So.2d 361 (Fla. 3d DCA) (individual survivors may agree to settlement before personal representative appointed), review denied, 666 So.2d 143 (Fla.1995). Reid is not permitted to do indirectly that which the law forbids him to do directly. See Bauman v. Healy, 141 Fla. 478, 193 So. 773, 779 (1939); Suntrust Bank/Miami, N.A. v. Papadopolous, 740 So.2d 594 (Fla. 3d DCA 1999). Therefore, the offer of judgment filed by Reid as a co-personal representative and individual survivor is an invalid, non-binding offer of judgment. *104 Because the offer was not valid, we reverse the fee award based thereon.
Finding that the motion for prevailing party costs was timely, we affirm the trial court's proper award of costs. We agree with the Fourth District's decision in Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004), and hold that the trial court may award costs pursuant to a final judgment's reservation of jurisdiction despite a party's failure to comply with the 30-day time period set forth in Florida Rule of Civil Procedure 1.525.[4]See Gulliver Acad., Inc. v. Bodek, 694 So.2d 675 (Fla.1997). Therefore, the trial court properly awarded costs to the co-personal representatives. We also certify conflict with Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003), and Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003).
Order on attorney's fees reversed; order on costs affirmed; and conflict certified.
NOTES
[1] The complaint is titled, in pertinent part, "Leslie Reid and Keichan Lewis, as Co-Personal Representatives of the Estate and Survivors of Joan Pauline Bryan, deceased." Reid and Lewis retained separate counsel to pursue the wrongful death case in the trial court and on appeal.
[2] The proposal of settlement states that it is filed by "[p]laintiff, Leslie Reid, Co-Personal Representative of the Estate and Survivor of Joan Pauline Bryan, Deceased." Co-Personal Representative Lewis also served a proposal. That proposal is not an issue in this appeal.
[3] As stated in Catapane,"[o]ne of the purposes of our present wrongful death act, which was enacted in 1972, was to `eliminate the multiplicity of suits that resulted from each survivor bringing an independent action,' which could occur under the prior act." Catapane, 759 So.2d at 11 (quoting Ding v. Jones, 667 So.2d 894, 897 (Fla. 2d DCA 1996)).
[4] We recognize that our opinion in Coastline of Indian Creek, Inc. v. Levinson, 867 So.2d 418 (Fla. 3d DCA 2003), review denied, 879 So.2d 620 (Fla.2004), cites to Gulf Landings Ass'n, Inc., and Wentworth, and that E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449 (Fla. 3d DCA 2003), cites to Wentworth. However, the Levinson opinion does not indicate that the basis for the decision was the final judgment's reservation of jurisdiction, and E & A Produce Corp. held that Florida Rule of Civil Procedure 1.525 was inapplicable.