889 So.2d 974 (2004)
MANIMAL LAND COMPANY, Appellant,
v.
RANDALL E. STOFFT ARCHITECTS, P.A., Appellee.
Nos. 4D03-4906, 4D04-289, 4D04-1596.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
*975 Thomas D. Lardin of Thomas D. Lardin, P.A., Delray Beach, for appellant.
Jack R. Reiter, Peter M. Feaman & Joelle C. Sharman of Adorno & Ross, P.A., Miami, for appellee.
PER CURIAM.
We affirm the trial court's finding that the defendant did not breach its duty to design a building for appellant plaintiff, as it is supported by competent substantial evidence. We address only the defendant's cross-appeal of the denial of his motion to award attorney's fees, which was filed more than thirty days after the filing of the final judgment.
Florida Rule of Civil Procedure 1.525 provides:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Defendant, who did not file his motion for attorney's fees within thirty days of the filing of the judgment with the clerk, argues that we should construe "filing" to mean the date the judgment becomes final, which was when plaintiff's motion for rehearing was denied. Defendant argues that filing is not defined in our rules of civil procedure; however, he provides us with no definition of filing which would include denial of rehearing. Under our appellate rules an order or judgment is rendered when filed with the clerk. Fla. R.App. P. 9.020(h). We conclude that his motion was, under rule 1.525, required to be filed within thirty days of the filing of the judgment with the clerk.
Defendant also argues that his motion was timely because the judgment reserved jurisdiction to award attorney's fees, citing Fisher v. John Carter & Associates, 864 So.2d 493 (Fla. 4th DCA 2004). We held in Fisher that a motion for attorney's fees filed more than three months after the final judgment was timely under *976 rule 1.525, because the judgment had reserved jurisdiction to award attorney's fees. Defendant did not, however, raise that argument in the trial court, and we are unwilling to entertain it for the first time on appeal. We accordingly affirm.
FARMER, C.J., and STEVENSON, J., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., specially concurring.
I agree with the majority and am writing only to further address defendant's argument that the reservation of jurisdiction to award attorney's fees in the final judgment relieved him of the need to file his motion for attorney's fees within thirty days of the filing of the judgment. The defendant, as the majority notes, did not make this argument in the trial court. This may have been because Fisher v. John Carter & Associates, 864 So.2d 493 (Fla. 4th DCA 2004), had not yet been decided.
This court's conclusion in Fisher, that a reservation in the final judgment to award attorney's fees obviates the need to move for fees within thirty days, is based on cases which were decided before rule 1.525 became effective.
In my opinion Fisher cannot be reconciled with rule 1.525, which provides that a party seeking attorney's fees "shall serve a motion within thirty days after filing of the judgment." A reservation of jurisdiction in a final judgment to award attorney's fees is not a logical basis on which to make an exception to rule 1.525, because such a reservation of jurisdiction is unnecessary and accordingly of no effect. Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986) (trial courts have jurisdiction to award attorney's fees after final judgment even where final judgment does not retain jurisdiction to do so). A judgment reserving jurisdiction to award fees is accordingly no different than a judgment not retaining jurisdiction, and there should be no difference in how we treat them, for purposes of rule 1.525.
In Lyn v. Lyn, 884 So.2d 181, 185 (Fla. 2d DCA 2004), the court disagreed with Fisher, observing:
Indeed, if a provision in a final judgment reserving jurisdiction to determine the issue of attorneys' fees were to act as an automatic but indefinite extension of time for filing a written motion, courts would again be faced with determining on a case-by-case basis what length of time thereafter was reasonable for filing a motion for fees, or whether motions for fees filed long after entry of judgment were unreasonably delayed and should be denied.
Although I disagree with Fisher, this is not the case in which we should reconsider it, because the issue was not preserved.