897 So.2d 557 (2005)
Ronald E. CLAMPITT, Appellant,
v.
Jarrell BRITTS, Appellee.
No. 2D04-1477.
District Court of Appeal of Florida, Second District.
April 8, 2005.
G. Barry Wilkinson of Lefter, Wilkinson & Sadorf, L.L.C., St. Petersburg, for Appellant.
Brandon S. Vesely of Keane, Reese, Vesely & Gerdes, P.A., St. Petersburg, for Appellee.
NORTHCUTT, Judge.
We affirm the order striking Ronald E. Clampitt's motion for attorney's fees and costs because, contrary to the requirements of Florida Rule of Civil Procedure 1.525, it was served more than thirty days after the judgment was filed. See Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003). We reject Clampitt's argument that the time for filing the motion was tolled by his motion for rehearing. See Manimal Land Co. v. Randall E. Stofft Architects, P.A., 889 So.2d 974 (Fla. 4th DCA 2004) (holding that attorney's fee motion was untimely under rule 1.525 when it was not served within thirty days of the filing of the judgment and rejecting argument that time for fee motion ran from denial of motion for rehearing when judgment became final); cf. Lyn v. Lyn, 884 So.2d 181, 184 n. 3 (Fla. 2d DCA 2004) *558 ("We note that rule 1.525 refers to a `judgment' and not a `final judgment' or a `final order.' It is not entirely clear that these terms are interchangeable in the context of the rule.").
We have previously rejected the argument that the time for filing the motion was extended by the judgment's reservation of jurisdiction to address attorney's fees. See Gulf Landings Ass'n, 845 So.2d at 346. On this point, we certify conflict with Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004), and Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004). Furthermore, we see no abuse of discretion in the trial court's denial of Clampitt's motion to extend the time based on excusable neglect. See Lyn, 884 So.2d 181.
Affirmed; conflict certified.
KELLY and VILLANTI, JJ., Concur.