930 So.2d 598 (2006)
SAIA MOTOR FREIGHT LINE, INC., etc., et al., Petitioners,
v.
Leslie REID, et al., Respondents.
No. SC04-2443.
Supreme Court of Florida.
May 11, 2006.
Hinda Klein of Conroy, Simberg, Canon, Krevans and Abel, P.A., Hollywood, FL, for Petitioner.
Barbara A. Silverman and Ervin A. Gonzalez of Colson, Hicks and Eidson, Coral Gables, FL, for Respondent.
WELLS, J.
We have for review the decision in Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004). In this case, the Third District held that "the trial court may award costs pursuant to a final judgment's reservation of jurisdiction despite a party's failure to comply with the 30-day time period set forth in Florida Rule of Civil Procedure 1.525." Id. at 104. The Third District agreed with the Fourth District Court of Appeal's decision in Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004). The Third District certified conflict with the Second District Court of Appeal's decision in Gulf Landings Ass'n, Inc. v. Hershberger, 845 *599 So.2d 344 (Fla. 2d DCA 2003), and the Fifth District Court of Appeal's decision in Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003). The Third District's decision is also in conflict with the decision of the First District Court of Appeal in State Department of Transportation v. Southtrust Bank, 886 So.2d 393 (Fla. 1st DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS AND PROCEDURAL HISTORY
This case arises out of a request for attorney fees and costs in a wrongful death action. Respondents Leslie Reid and Keichan Lewis filed a wrongful death action as personal representatives of the estate of Joan Bryan against petitioner Saia Motor Freight Line, Inc. See Saia, 888 So.2d at 102. The trial court entered a first amended final judgment on January 2, 2003,[1] in the amount of $1,805,000 in favor of respondents and "reserve[d] jurisdiction to award the Plaintiff costs and to consider Plaintiff's claim for attorneys' fees upon a determination of entitlement thereto." Reid v. Saia Motor Freight Line, Inc., No. 01-28040 CA 06 at 1-2 (Fla. 11th Cir. Ct. order filed Jan. 3, 2003).
On March 17, 2003, more than thirty days after entry of the judgment, respondents filed a verified motion to tax costs. The trial court awarded respondents attorney fees in the amount of $68,567.14 and costs in the amount of $66,429.79. Saia appealed the award of attorney fees and costs; however, only the award of costs is at issue in this case because the award of attorney fees was reversed by the Third District.[2]

ANALYSIS
The certified conflict issue involves the interpretation of the Court's rules and is a question of law subject to de novo review. See Smith v. Smith, 902 So.2d 859, 861 (Fla. 1st DCA 2005) ("The standard of review regarding the trial court's construction of the rules [of civil procedure] is de novo.") It is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction. See generally Brown v. State, 715 So.2d 241, 243 (Fla. 1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.").
We resolve the conflict by approving the decisions of the Second District in Gulf Landings, the Fifth District in Wentworth, and the First District in Southtrust Bank. We quash the decision of the Third District in the present case and disapprove that of the Fourth District in Fisher in respect to the conflict issue. In resolving the conflict, we apply the plain language of Florida Rule of Civil Procedure 1.525.
The Civil Procedure Rules Committee of The Florida Bar recommended the adoption of rule 1.525 in 2000. We adopted that rule, effective January 1, 2001. Amendments to Fla. Rules of Civil *600 Pro., 773 So.2d 1098 (Fla.2000). Rule 1.525 provides:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The Committee Note to the rule states: "2000 Adoption. This rule is intended to establish a time requirement to serve motions for costs and attorneys' fees." In adopting the proposed rule, we stated:
Rule 1.525 is adopted, establishing the time for serving motions for attorneys' fees and costs. We add a court commentary clarifying that this rule only establishes time requirements for serving such motions, and in no way affects or overrules the pleading requirements outlined by this Court in Stockman v. Downs, 573 So.2d 835 (Fla.1991).
Amendments to Fla. Rules of Civil Pro., 773 So.2d at 1098-99.
In 1997, before the adoption of rule 1.525, we decided Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997). At the time that we decided Gulliver Academy, the Florida Rules of Civil Procedure did not have a rule setting time requirements within which motions for costs and attorney fees were required to be served. In Gulliver Academy, we held that a reservation of jurisdiction in a final judgment allowed the trial court to consider further proceedings on the issue of attorney fees even though a motion for fees was filed more than thirty days after the entry of the judgment. We further held that the reservation of jurisdiction in the final judgment was an enlargement of time pursuant to Florida Rule of Civil Procedure 1.090(b).
The Third District in the present case and the Fourth District in Fisher relied on Gulliver Academy in deciding that when the final judgment contained a reservation of jurisdiction, the time requirement of rule 1.525 did not apply. Fisher, 864 So.2d at 496. We do not agree.
When we adopted rule 1.525, effective January 1, 2001, we established a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained.[3] Judge Altenbernd correctly made this point stating, in Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002), that "[r]ule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial motions," and in Gulf Landings, 845 So.2d at 346, "It is no longer enough for parties to plead a basis for fees in their pretrial pleadings." We agree. Rule 1.525 provided the time requirement which the rules did not have at the time Gulliver Academy was decided, and the rule applies to all cases pending on or filed after January 1, 2001.

CONCLUSION
We therefore quash the Third District's decision in this case and remand for further proceedings in accord with this decision.
It is so ordered.
QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, C.J., dissents with an opinion, in which ANSTEAD and LEWIS, JJ., concur.
PARIENTE, C.J., dissenting.
I respectfully dissent. By holding that a reservation of jurisdiction in a judgment to *601 consider attorneys' fees and costs is not the procedural equivalent of an order extending the time to file a motion for attorneys' fees and costs pursuant to Florida Rule of Civil Procedure 1.090(b), the majority has reached a conclusion contrary to Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997).
In Gulliver Academy, we held that "a reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b)," and observed that "[a]ny other interpretation would make the trial court's reservation in the final judgment not only a nullity but a procedural trap." Id. at 677. The majority's holding in this case has the effect of transforming a reservation of jurisdiction into the "nullity" and "procedural trap" we condemned in Gulliver Academy. Id. And to what end? In this case, neither party was surprised and neither party was prejudiced by the filing of the motion for attorneys' fees and costs beyond the time period set forth in Florida Rule of Civil Procedure 1.525.[4] If the majority concludes that it is best to recede from the reasoning of Gulliver Academy and strictly interpret the civil rules in all circumstances, this interpretation should be applied prospectively to ensure that all litigants are put on notice. We have on occasion determined that our interpretation of the rules of procedure applicable to the appeal of a civil action filed in this state should be applied prospectively. See Employers' Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177, 181 & n. 10 (Fla.1976) ("[T]he time for taking an appeal should be governed by the rendition of a formal document of judgment by the trial judge, pursuant to Fla.App. Rule 1.3, rather than by the signed entry in a minute book," but the "application of this decision with respect to the time for taking appeals shall be prospective only, and it shall not affect appeals pending on the date this decision becomes final."); see also Boyett v. State, 688 So.2d 308, 310 (Fla.1996) ("Unless we explicitly state otherwise, a rule of law which is to be given prospective application does not apply to those cases which have been tried before the rule is announced;" therefore, it was error in Coney v. State, 653 So.2d 1009 (Fla. 1995), for the Court to apply the definition of "presence" articulated therein to the facts of that case); Coney, 653 So.2d at 1013 (clarifying that "presence" as used in Florida Rule of Criminal Procedure 3.180 means that a defendant has a right under rule 3.180 to be physically present at the immediate site where juror challenges are exercised, but stating that "our ruling today clarifying this issue is prospective only").
It is not surprising that both the Third District in this case and the Fourth District in Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004), believed that the reasoning of Gulliver Academy applied in determining the timeliness of a motion filed pursuant to rule 1.525. In Gulliver Academy, the Court addressed the procedural effect of a *602 trial court's reservation of jurisdiction to consider attorneys' fees and costs in the context of a motion filed under the offer of judgment statutes, which provide that a motion for attorneys' fees and costs must be filed within thirty days of entry of judgment. See 694 So.2d at 677-78. The precise issue was whether a reservation of jurisdiction in a judgment to consider attorneys' fees and costs was an enlargement of time under rule 1.090(b), which delineates the procedure for enlarging prescribed time periods. As stated above, we held in Gulliver Academy that "a reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b)," which may allow a party to file a motion for attorneys' fees and costs beyond the thirty-day time period prescribed in the offer of judgment statutes. See id. at 677. More significantly, we observed that any other interpretation would render the trial court's reservation of jurisdiction in the final judgment meaningless. See id.
It is true that at the time of Gulliver Academy, rule 1.525 had not been adopted. But the Court in Gulliver Academy did not end its analysis with the interpretation of the offer of judgment statutes. The Court elaborated by discussing Florida Rule of Civil Procedure 1.442(g), which had been recently adopted to impose a specific thirty-day time limit on motions for attorneys' fees and costs filed pursuant to the offer of judgment statutes. See id.[5] In no uncertain terms, we determined that in the context of rule 1.442(g), a trial court's reservation of jurisdiction to consider attorneys' fees and costs constitutes an enlargement of time under rule 1.090(b). See Gulliver Academy, 694 So.2d at 677. We reasoned that the trial court should have discretion to extend the time for filing a rule 1.442(g) motion by reserving jurisdiction in the judgment because "[i]ssues related to the setting of fees under [the offer of judgment statutes] are not fully adjudicated until the disposal of posttrial motions." Id. at 678. However, we also concluded that absent a reservation of jurisdiction, a motion seeking attorneys' fees and costs must be filed within thirty days as provided in rule 1.442(g) or the entitlement to fees and costs is waived, unless there is a basis for relief under rule 1.090(b)(2). See id.
Both the version of rule 1.442(g) construed in Gulliver Academy[6] and rule 1.525 contain mandatory language requiring that a motion for attorneys' fees and costs be filed within thirty days of entry of judgment. Yet, the majority eschews the effect given to the reservation of jurisdiction in Gulliver Academy. The majority does not even mention the Court's conclusion in Gulliver Academy as it relates to rule 1.442(g). In fact, the reason we gave in Gulliver Academy for treating a reservation of jurisdiction in a final judgment as the equivalent of an order extending the *603 time to file a motion for attorneys' fees is equally applicable in this case.
After judgment has been entered in a case, parties often file posttrial motions. As we recognized in Gulliver Academy, issues relating to the setting of attorneys' fees and costs may not be adjudicated fully until the disposition of posttrial motions. See 694 So.2d at 678. Judicial efficiency and economy is furthered by allowing the trial court "discretion to extend the time for filing the motions by reserving jurisdiction in the final judgment." Id. Moreover, a reservation of jurisdiction to consider attorneys' fees and costs allows the trial court to conduct further proceedings on this issue.
Although the Court today states that the use of mandatory language in rule 1.525 overrules or limits our decision in Gulliver Academy, the Court's commentary to rule 1.525 does not refer to the rule's effect on the continuing validity of Gulliver Academy. If we intended to overrule or limit Gulliver Academy by adopting rule 1.525, we should have said so directly. As explained in Puryear v. State, 810 So.2d 901, 905 (Fla.2002), "this Court does not intentionally overrule itself sub silentio." Thus, Gulliver Academy should remain good law as to the effect of reservations of jurisdiction to consider attorneys' fees or costs. At the very least, litigants were justified in relying on our decision.
I do not quarrel with the purpose of adopting rule 1.525: to remove the uncertainty created by the "reasonable time" standard, which was previously used to determine the timeliness of a motion seeking attorneys' fees and costs; to put parties on notice; and to prescribe a time certain for filing motions for attorneys' fees and costs. Yet, the fact is that the rule did create confusion as to the continuing effect of a reservation of jurisdiction as demonstrated by the various conflict cases.
In fact, in 2005, subsequent to the adoption of rule 1.525, the Court adopted Florida Family Law Rule of Procedure 12.525, which states that rule 1.525 does not apply in family law proceedings. See Amendments to the Fla. Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). Rule 12.525 was adopted at the request of the Family Law Rules Committee because the Committee stated that "rule 1.525 is ill-fitting to family law matters." Id. at 467. The Court accepted the argument that "the application of rule 1.525 in family law cases could be creating confusion among the courts, and [that] there already is a well-established body of statutory and case law authority regarding the award of attorneys' fees and costs in family law matters." Id. at 468. The confusion cited in the opinion referred to the very conflict we resolve today; that is, whether a reservation of jurisdiction to assess attorneys' fees and costs is equivalent to an extension of time.
While strict time limits in our procedural rules can serve an important purpose, even the majority acknowledges that if a motion to enlarge time had been filed and granted, the thirty-day time limit would have been extended. Entry of an order granting a motion to extend time, like a reservation of jurisdiction in a judgment, recognizes that often posttrial motions must be resolved before entitlement to fees and costs can be determined.
Based on the reasoning of Gulliver Academy, which remains good law, and the fact that a reservation of jurisdiction in a judgment affords notice to all parties involved in the litigation, I conclude that a reservation of jurisdiction in a judgment to consider attorneys' fees and costs amounts procedurally to an enlargement of time under rule 1.090(b). For the future, parties will be on notice that motions must be filed within thirty days as provided in rule *604 1.525 unless a motion for extension of time is filed in accordance with the requirements of rule 1.090(b) and granted by the court. But for today, litigants who relied on Gulliver Academy will have found themselves the victims of the very trap the Court sought to avoid in that case.
ANSTEAD and LEWIS, JJ., concur.
NOTES
[1] The trial court originally entered a final judgment on November 15, 2002, but subsequently vacated this order on November 26, 2002, and substituted an amended final judgment. See Reid v. Saia Motor Freight Line, Inc., No. 01-28040 CA 06 at 3 (Fla. 11th Cir. Ct. order filed Nov. 26, 2002). Pursuant to an agreement between the parties, the trial court then vacated the amended final judgment on January 2, 2003, and entered a first amended final judgment. A reservation of jurisdiction to consider attorney fees and costs was included in each of the final judgments.
[2] The Third District determined that the offer of settlement was invalid because it was not submitted jointly by the co-personal representatives.
[3] Following the adoption of rule 1.525, the time requirements could be enlarged in accord with Florida Rule of Civil Procedure 1.090, as explained in Southtrust Bank.
[4] In this case, the plaintiffs had previously filed a timely motion seeking attorneys' fees based on the offer of settlement statute and Florida Rule of Civil Procedure 1.442 on December 16, 2002, after the amended final judgment was entered on November 26, 2002. On February 10, 2003, the plaintiffs filed an amended motion for attorneys' fees after the first amended final judgment was entered on January 2, 2003. Both of these motions had also requested costs as part of the request for attorneys' fees. On March 17, 2003, the plaintiffs filed a verified motion to tax costs based on their prevailing party status. It appears that the plaintiffs diligently pursued the motion for attorneys' fees and costs but apparently relied on the reservation of jurisdiction in the final judgment as extending the time for filing a motion under rule 1.525.
[5] Rule 1.442(g) was adopted in 1996. See In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 107 (Fla.1996). At that time, the rule provided:

Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal.
[6] Subsequent to the adoption of rule 1.525 in 2000, rule 1.442(g) was amended to conform it to rule 1.525. Thus, rule 1.442(g) now provides:

Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by serving a motion in accordance with rule 1.525.