946 So.2d 647 (2007)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Nick STYLIANOUDAKIS and Martha Stylianoudakis, as the natural parents and guardians of Peter Stylianoudakis, a minor, Appellees.
No. 4D05-3598.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
*648 Frances F. Guasch and Rodolfo Sorondo, Jr. of Holland & Knight LLP, Miami, for appellant.
No brief filed for appellees.
TAYLOR, J.
State Farm Mutual Automobile Insurance Company appeals from the trial court's entry of a final cost judgment for plaintiffs. State Farm contends that the plaintiffs failed to file their motion to tax costs within the thirty-day period required by Florida Rule of Civil Procedure 1.525. In granting the motion for costs, the trial court followed our holding in Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004) (holding that a reservation of jurisdiction in a final judgment enlarges the time for filing a motion for fees and costs after entry of judgment). We must reverse, however, because while this appeal was pending before us, the Florida Supreme Court decided Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006). Saia held that Rule 1.525 established a bright-line time requirement for motions for costs and attorney's fees, and that a reservation of jurisdiction in a final judgment does not enlarge the time for filing such motions.
Plaintiffs Nick and Martha Stylianoudakis filed a claim under their uninsured/underinsured motorist coverage for injuries to their son. The trial court entered a final judgment for plaintiffs on January 28, 2005. In the judgment, the court stated: "This court reserves jurisdiction to consider and award taxable costs in this matter." On March 21, 2005, plaintiffs filed a motion to tax costs pursuant to Florida Rule of Civil Procedure 1.525. Rule 1.525 states: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal."
Relying upon our decision in Fisher, which held that a reservation of jurisdiction enlarges the time requirement under Florida Rule of Civil Procedure 1.090(b), the trial court determined that the plaintiffs' motion for costs was timely. It granted the motion and entered a final cost judgment for $9,873.37. The trial court noted that there was a conflict among the district courts of appeal as to whether a reservation of jurisdiction in a final judgment enlarges the time to file a motion for costs. The court also noted that conflict regarding the time requirement for serving a motion for attorney's fees and costs had been certified to the Florida Supreme Court in Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), and Clampitt v. Britts, 897 So.2d 557 (Fla. 2d DCA 2005), review denied, SC05-705, ___ So.2d ___ *649 (Fla. Dec. 7, 2006). State Farm appealed the cost award.
After the trial court entered the cost award to plaintiffs, the supreme court addressed the conflict among the district courts in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006). The supreme court quashed the third district's holding in Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), which, like Fisher, held that a reservation of jurisdiction enlarged the thirty-day time period. The supreme court approved the decisions of the first, second, and fifth districts, which held that the thirty-day time limit must be strictly adhered to. See State, Dep't of Transp. v. Southtrust Bank, 886 So.2d 393 (Fla. 1st DCA 2004), review denied, 900 So.2d 553 (Fla.2005); Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003); Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003). In resolving the conflict, the supreme court determined that Rule 1.525 "established a bright-line time requirement for motions for costs and attorney fees." Saia, 930 So.2d at 600. It held that a reservation of jurisdiction in a final judgment does not enlarge the time requirement so as to permit a trial court to consider such motions after the expiration of the thirty-day period. Id.
An appellate court generally is required to apply the law in effect at the time of its decision. See Fla. Patient's Comp. Fund v. Von Stetina, 474 So.2d 783 (Fla.1985); Lowe v. Price, 437 So.2d 142, 144 (Fla.1983); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978). In general, "a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its operation unless declared by the opinion to have prospective effect only." Brackenridge v. Ametek, Inc., 517 So.2d 667, 668-69 (Fla.1987) (emphasis supplied).
Here, the supreme court did not limit its holding in Saia to future cases, a point of contention raised by the dissent. See 930 So.2d at 601 (Pariente, C.J., dissenting) ("If the majority concludes that it is best to recede from the reasoning of Gulliver Academy[, Inc. v. Bodek, 694 So.2d 675 (Fla.1997),] and strictly interpret the civil rules in all circumstances, this interpretation should be applied prospectively to ensure that all litigants are put on notice."). Because the supreme court did not explicitly limit application of its holding to future cases, we conclude that Saia applies in this case. Accordingly, we reverse the final cost judgment.
Reversed.
STEVENSON, C.J., and STONE, J., concur.