ON MOTION FOR REHEARING

STONE, J.
We grant Appellees’ motion for rehearing, withdraw our opinion of March 28, 2007, and substitute the following in its place.
We reverse a final judgment on attorney’s fees and costs for failure to timely serve a motion for attorney’s fees pursuant to rule 1.525, Florida Rules of Civil Procedure.
*420 ZC brought a declaratory action, claiming a lack of insurance coverage under an exclusionary clause in its policy. On October 26, 2001, the court entered a judgment in favor of the appellees/insureds (Brooks), concluding:
IT IS THEREFORE ordered and adjudged that ZC INSURANCE COMPANY shall recover nothing by its claims against ANNIS BROOKS and RALPH BROOKS, and its request, by complaint for declaratory judgment be and the same is hereby denied. Furthermore, ANNIS BROOKS and RALPH BROOKS shall each go hence without day and recover their taxable costs from ZC INSURANCE COMPANY, the amount of which to be determined by agreement of the parties or order of the court for which this court specifically reserves jurisdiction.
THE COURT CONCLUDES that Defendant-counterclaimant has liability insurance coverage for the claims asserted by Anselique Brooks arising from the motor vehicle accident that occurred while ANNIS BROOKS was operating a DOLLAR RENT A CAR van in the early morning hours of August 2, 1999.
THE COURT FURTHER orders that jurisdiction shall be reserved in order for the Court to determine entitlement in the amount, if any, of attorney’s fees and' costs for ANNIS BROOKS, and or RALPH BROOKS.
ZC appealed, and on May 14, 2003, we issued an opinion affirming. ZC Ins. Co. v. Brooks, 847 So.2d 547 (Fla. 4th DCA), rev. denied, 860 So.2d 980 (Fla.2003).
On December 28, 2001, Annis Brooks served a motion for determination of entitlement and amount of attorney’s fees to be awarded against ZC; patently, the motion was untimely under Florida Rule of Civil Procedure 1.525. On March 25, 2004, Annis Brooks filed an amended motion for determination of entitlement to attorney’s fees.
Brooks, and the trial court, relied upon the understanding that the initial motion was timely under rule 1.525 because the reservation of jurisdiction extended the time for filing a motion for attorney’s fees. See Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004).
Florida Rule of Civil Procedure 1.525 provides:
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Since the trial court’s order, the supreme court has disapproved of our holding in Fisher as it pertains to the timeliness issue of the motion for attorney’s fees pursuant to a reservation of jurisdiction. See Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006). The supreme court held that rule 1.525 established a bright-line requirement. Further, this court has recently determined that Saia applies retrospectively. See State Farm Mut. Auto. Ins. v. Stylianoudakis, 946 So.2d 647 (Fla. 4th DCA 2007).
We have also considered and reject Appellees’ arguments as to estoppel (Appellees have failed to prove a change in position and reliance), a premature filing of the motion, and excusable neglect (based on attorney’s need for more time to gather time records). Therefore, the judgment is reversed, and we remand for entry of a judgment in favor of ZC on the claim for fees.

Reversed and Remanded.

FARMER and MAY, JJ., concur.