WELLS, J.,
dissenting.
I dissent because I conclude that the trial court and the Fifth District Court of Appeal followed Florida Rule of Civil Procedure 1.525 and our decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), which each was required to do.
The Saia decision was based upon the plain and literal language in the rule. If the rule is unworkable or causes inequitable and harsh results, the rule should be changed. But we should enforce the rule as written until it is revised because a failure to do so results in harm to those parties who have relied upon the rule as written.
I cannot agree with the majority in stating:
Once the trial court determines that the prevailing party is entitled to attorneys’ fees and costs, the losing party is aware that it is required to pay the fees and costs. At that point, the concerns of prejudice and unfair surprise to the losing party are eliminated, therefore, eliminating the need to apply the thirty-day time requirement under Rule 1.515....
Because the purpose for adopting Rule 1.515, avoidance of prejudice and unfair surprise, is satisfied once the trial court determines entitlement to attorneys’ fees and costs, the thirty-day time requirement for filing motions for attorneys’ fees and costs under Rule 1.525 is no longer necessary.
Majority op. at 207. These statements are not what we stated in Saia was the purpose for the rule, which was:
When we adopted rule 1.525, effective January 1, 2001, we established a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained. Judge Altenbernd correctly made this point stating, in Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002), that “[r]ule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial motions,” and in Gulf Landings [Ass’n, Inc. v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003) ], “It is no longer enough for parties to plead a basis for fees in their pretrial pleadings.” We agree.
Saia, 930 So.2d at 600.
From the quoted statement in our Saia decision it is seen that the purpose of rule 1.525 is to have a bright-line time period during which a party intending to pursue *209 an award of attorney fees is required to move forward in the record of a case with that pursuit. This fosters finality in the case, which this Court has long stated is an important goal in all litigation. Kippy Corp. v. Colburn, 177 So.2d 193 (Fla.1965).
What occurred in the present case is what the rule intended to eliminate. Here, the party seeking attorney fees did not move forward in this case record in pursuit of attorney fees for eight months after the final judgment was entered. The final judgment was entered on December 15, 2005. Petitioner filed its “Motion to Appeal Final Judgment Pursuant to Reservation of Jurisdiction” on August 17, 2006. The motion stated:
Plaintiff moves this court to enter an Amended Final Judgment providing prejudgment interest, attorney’s fees and court costs as awarded by this court in the Final Judgment dated December 15, 2005.
The motion was plainly untimely under rule 1.525 and our decision in Saia.
The majority’s decision in this case substantially dims the bright line which in Saia we stated was the purpose of the rule.
CANADY, J., concurs.