PER CURIAM.
 

 On September 18, 2008 a trial was held on an action for specific performance of a contract. After the trial, but prior to the filing of the judgment, Defendant filed a Motion to Admit and Consider Newly Discovered Evidence on December 8, 2008. The trial court filed a judgment in Plaintiffs favor with the Clerk on July 2, 2009. On July 9, 2009, Defendant filed a Motion for Rehearing. The Motion for Rehearing and the still-pending Motion to Admit and Consider Newly Discovered Evidence were both denied by order entered on August 26, 2009. On September 14, 2009, Appellant filed a Motion for Attorney Fees and Costs in the trial court. This motion was denied on November 10, 2009, because the judge found that it was untimely filed. The Motion for Fees was filed seventy-two days after the trial court filed its judgment with the clerk, and nineteen days after the trial court entered its order denying the motions to Admit and Consider Newly Discovered Evidence and for Rehearing.
 

 
 *1286
 
 Appellant now appeals the trial court’s denial of the Motion for Attorney’s Fees and asserts that the motion was timely. He argues the judgment filed with the clerk did not constitute a “judgment” for purposes of Florida Rule of Civil Procedure 1.525 because at the time the judgment was filed, his previously filed Motion to Admit and Consider Newly Discovered Evidence was still pending. He also asserts that his post-judgment Motion for Rehearing tolled the time limit for his Motion for Attorney’s Fees. We disagree.
 

 Florida Rule of Civil Procedure 1.525 provides:
 

 Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after
 
 filing of the judgment,
 
 including a judgment of dismissal, or the service of a notice of voluntary dismissal.
 

 (Emphasis added).
 

 Appellant failed to file his motion for attorney’s fees within 30 days of the filing of the judgment with the clerk. A motion for rehearing does not toll the 30-day time limit in rule 1.525.
 
 See Manimal Land Co. v. Randall E. Stofft Architects, P.A.,
 
 889 So.2d 974 (Fla. 4th DCA 2004);
 
 Clampitt v. Britts,
 
 897 So.2d 557 (Fla. 2d DCA 2005).
 

 Likewise, a post-trial Motion to Admit and Consider Newly Discovered Evidence, does not toll the 30-day time limit. The filing of the judgment with the clerk signals that the judicial labor has come to an end. Appellant’s prejudgment request to consider more evidence does not stay the filing of the judgment. Such a motion is merely a request that the court devote more judicial labor to the case. Counsel was put on notice that the court considered the judicial labor at an end. Therefore, the judgment filed in this case constituted a “judgment” as contemplated by rule 1.525 and the 30-day time limit for the motion for attorney’s fees began to run from the date of its filing.
 

 AFFIRMED.
 

 DAVIS, CLARK, and WETHERELL, JJ., concur.