ROTHENBERG, J.
The issue presented in this appeal is whether a pending post-judgment motion to set aside a final default judgment tolls the thirty-day time requirement for serving a motion for attorney’s fees and costs under Florida Rule of Civil Procedure 1.525. As we conclude that the time requirement is not tolled, we affirm the order denying ASAP Services, LLC’s motion for attorneys’ fees and costs.
Rule 1.525 provides that “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment ... which judgment ... concludes the action as to that party.” In Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 600 (Fla.2006), the Florida Supreme Court noted that in adopting rule 1.525, it “established a bright-line time requirement for motions for costs and attorney fees which the Rules of Givil Procedure had not previously contained.” (emphasis added). In Saia Motor, the Florida Supreme Court determined that the thirty-day time requirement to serve a motion for attorneys’ fees and costs set forth in rule 1.525 applied even though the final judgment “reserve[d] jurisdiction to award the Plaintiff costs and to consider Plaintiffs claim for attorneys’ fees upon a determination of entitlement thereto.” Id. at 599 (alteration in original). The Florida Supreme Court, however, noted that “[f]ol-lowing the adoption of rule 1.525, the time requirement could be enlarged in accord with Florida Rule of Civil Procedure 1.090.... ”/d at 600 n. 3.
Since Saia Motor, the Florida Supreme Court has recognized only one exception to rule 1.525’s bright-line time requirement. In Amerus Life Ins. Co. v. Lait, 2 So.3d 203, 206-07 (Fla.2009), the Florida Supreme Court found that the thirty-day time requirement did not apply when the trial court in its final judgment determined that the party was entitled to an award of attorneys’ fees and costs, but reserved jurisdiction to determine the amount. In determining that rule 1.525 was not applicable, the Florida Supreme Court stated:
Because the purpose for adopting rule 1.525,avoidance of prejudice and unfair surprise, is satisfied once the trial court determines entitlement to attorneys’ fees and costs, the thirty-day time requirement for filing motions for attorneys’ fees and costs under rule 1.525 is no longer necessary. The parties are on notice with the trial court’s ruling on entitlement that the amount of the award will be determined at a later date. Accordingly, we find ... that where entitlement to attorneys’ fees and costs has already been determined by the trial court in its final judgment, rule 1.525, requiring the filing of a motion for fees and costs within thirty days of the final judgment, does not apply. Amerus was therefore not required to file its motion to determine the amount of attorneys’ fees and costs within the time period set by rule 1.525.
Id at 207.
In the instant case, ASAP Services, filed its motion for attorneys’ fees and costs *967 more than thirty days after the final default judgment was filed without seeking an enlargement of time under rule 1.090. Moreover, unlike the final judgment in Amerus Life, the final default judgment in the instant case did not determine ASAP Services’ entitlement to an award of fees and costs. Thus, the sole exception to rule 1.525’s. “bright-line” time requirement is not applicable.
ASAP Services argues that this Court should carve out an additional exception to rule 1.525’s “bright-line” time requirement by concluding that a pending post-judgment motion to set aside a judgment tolls the thirty-day time requirement for serving a motion for attorneys’ fees and costs under Florida Rule of Civil Procedure 1.525. As this Court lacks rule-making authority, we decline ASAP Services’ invitation. Accordingly, we affirm the order under review.
Affirmed.