753 So.2d 1276 (2000)
STATE of Florida, Appellant,
v.
Dwayne JONES, Appellee.
No. SC93119.
Supreme Court of Florida.
March 2, 2000.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, Florida, for Appellant.
Thomas E. Cunningham, Jr., Tampa, Florida, for Appellee.
PER CURIAM.
We have for review Jones v. State, 709 So.2d 1385 (Fla. 2d DCA 1998), in which the Second District Court of Appeal followed its prior decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), in holding that chapter 95-182, Laws of Florida, is unconstitutional as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(1) Fla. Const.[1] Based on our decision in State v. Thompson, 750 So.2d 643 (Fla. 1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we affirm the decision below reversing *1277 Jones' violent career criminal sentence[2] and remand this cause for resentencing in accordance with the valid laws in effect on October 2, 1995, the date on which Jones committed the underlying offenses in this case.[3]See Thompson, 750 So.2d 643, 644 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur. WELLS, J., dissents.
NOTES
[1] We also note that the Jones Court's holding expressly and directly conflicts with the Third District Court of Appeal's decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997).
[2] The trial court's oral pronouncement at the sentencing hearing clearly shows that Jones was sentenced as a violent career criminal:

On the armed robbery count, you will be adjudicated, you'll be sentenced as a violent career criminal to life in prison on the armed robbery.... As to the aggravated battery charge, you'll be adjudicated, sentenced to forty years in Florida State Prison with a minimum mandatory of thirty years.
Record on Appeal at 390-91; accord § 775.084(4)(c), Fla. Stat. (1995) (setting forth permitted sentences for those qualifying as violent career criminals). However, the written sentencing order entered by the trial court indicates that Jones was sentenced on both offenses as a habitual violent felony offender under section 775.084(4)(b), Florida Statutes. See Record on Appeal at 69-76. The written sentencing order is inconsistent with the oral sentencing pronouncement; in such a situation, the oral pronouncement controls. See, e.g., State v. Williams, 712 So.2d 762, 764 (Fla.1998) (citing Justice v. State, 674 So.2d 123, 125 (Fla.1996), for the proposition that "there is a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary"); Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998) (stating that "[w]hen a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls").
[3] We note that Jones has standing to raise a single subject rule challenge to chapter 95-182, Laws of Florida, even assuming the window period for raising such a challenge closed on October 1, 1996, as determined by the Fourth District Court of Appeal in Salters v. State, 731 So.2d 826, 826 (Fla. 4th DCA), review granted, 749 So.2d 503 (Fla.1999). Further, we quash that portion of the decision below that remanded this cause for resentencing in accordance with the valid laws in effect at the time that Jones was sentenced.