PER CURIAM.
Stella Rylander appeals from an order of contempt entered against her. We reverse.
Benny Teschouva, as tenant, sued Stella Rylander, as landlord, seeking a writ of possession, injunctive relief, and damages for Rylander’s locking him out of his retail premises. The trial court ordered Rylan-der to restore possession to Teschouva, and to refrain from interfering with his possession.[1]
Upon further proceedings, the trial court found it necessary to enter an order of contempt against Rylander for violating the terms of the injunction. Relying on Parisi v. Broward County, 769 So.2d 359 (Fla.2000), the court imposed a hybrid “bonded fine” sanction against Rylander that contained both compensatory and co *8 ercive elements. The court fashioned the compensatory contempt element by imposing a $1,400.00 fine against Rylander for interfering with Tesehouva’s business. The trial court correctly related the amount of the sanction to damages actually suffered by Teschouva as a result of Ry-lander’s conduct, and considered Rylan-der’s financial capacity to pay. However, misunderstanding Parisi, the trial court then imposed a coercive contempt element, suspending the fine pending Rylander’s future compliance with the court’s prior orders. To insure the availability of the $1,400.00 fine and to secure Rylander’s future compliance, the court ordered Ry-lander to pay the fine into the court registry.
The Florida Supreme Court in Parisi, however held that a hybrid “bonded fine” is an invalid coercive civil contempt sanction, concluding that it should not be utilized by trial courts. Parisi at 366, 367. We therefore reverse the order of contempt and direct the trial court to order Rylander to pay the $1,400.00 as a pure compensatory fine directly to Teschouva.
Reversed and remanded with directions.

. In Rylander's earlier appeal, this court affirmed the trial court’s order restoring possession and ordering injunctive relief. Rylander v. Teschouva, 864 So.2d 18 (Fla. 3d DCA 2004).