PER CURIAM.
The Family Law Rules Committee has filed an out-of-cycle petition proposing the creation of a new Florida Family Law Rule of Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(e).
The committee proposes creating new rule 12.525, Motions for Costs and Attorneys’ Fees, which succinctly provides, “Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules.” The proposal was published by the The Florida Bar and the Court in the March 1, 2004, and the October 1, 2004, editions of The Florida Bar News, respectively, and comments were invited. Three comments were filed, all in favor of the proposed new rule.
ANALYSIS
Currently, under Florida Family Law Rule of Procedure 12.020, the Florida Rules of Civil Procedure apply in all family law matters except as otherwise provided in the family law rules. Rule of Civil Procedure 1.525, Motions for Costs and Attorneys’ Fees, provides:
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The committee states it is proposing new rule 12.525 because rule 1.525 is ill-fitting to family law matters, and this ill fit may be causing the circuit courts and the district courts of appeal to apply or interpret the rule inconsistently in the context of family law proceedings. Compare Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003) (rejecting an argument in a family law matter that a reservation of jurisdiction to award attorneys’ fees and costs in a final judgment entitles a party to an automatic extension of the 30-day time period to file a motion seeking to tax attorneys’ fees), with Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004) (holding that in a civil case a reservation of jurisdiction in a final judgment extends the time for filing a motion for attorneys’ fees).
We agree that rule 1.525 should not apply in family law proceedings. The method of taxation of attorneys’ fees and costs in family law cases is quite different from that in civil litigation. Whereas the former is based on need and ability of the parties to pay, the latter is based on prevailing party considerations. Moreover, section 61.16, Florida Statutes (2004), already governs the award of attorneys’ fees and costs in family law cases. See also Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997) (noting that “[a]ny determination regarding an appropriate award of attorney’s fees in proceedings for dissolution of mar *468 riage, support, or child custody begins with section 61.16, Florida Statutes”).
Because the application of rule 1.525 in family law cases could be creating confusion among the courts, and because there already is a well-established body of statutory and case law authority regarding the award of attorneys’ fees and costs in family law matters, we agree with the committee’s proposal. Accordingly, we hereby adopt new Florida Family Law Rule of Procedure 12.525 as reflected in the appendix to this opinion. In adopting this rule, we express no opinion as to its constitutionality. As all of the language is new, we forego the usual underlining and strike-through type format. The new rule shall become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 12.525 MOTIONS FOR COSTS AND ATTORNEYS’ FEES
Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules.