923 So.2d 1250 (2006)
Theresa Noelle PONCE, Appellant,
v.
Gary MINDA, Appellee.
No. 2D05-144.
District Court of Appeal of Florida, Second District.
March 24, 2006.
Frederick T. Lowe, Tampa, for Appellant.
Sarah M. Chaves, St. Petersburg, for Appellee.
KELLY, Judge.
In this paternity proceeding, Theresa Ponce appeals from a final judgment for attorney's fees and costs. The issues she raises primarily involve the applicability of Florida Rule of Civil Procedure 1.525 to family law matters. We affirm because we *1251 conclude that the trial court correctly applied rule 1.525 in determining Ponce's entitlement to fees.
In 2001, the trial court entered a final judgment of paternity that, among other things, addressed the issue of visitation. In 2004, Gary Minda filed a petition to modify visitation. The trial court entered a supplemental final judgment of visitation on May 21, 2004. Ponce and Minda both filed timely motions for reconsideration of the supplemental final judgment. On August 3, 2004, the trial court entered an amended supplemental final judgment. On August 26, 2004, Ponce filed her motion for attorneys fees. Minda objected to her claim for fees arguing that Ponce's motion was untimely under rule 1.525. The trial court concluded that Ponce was not entitled to attorneys fees incurred before May 21, 2004, the date of entry of the supplemental final judgment of visitation, because Ponce filed her motion for attorneys fees and costs more than thirty days after that judgment was entered. However, the court concluded that she was entitled to fees incurred after May 21.
Ponce raises three issues in this appeal. First, she contends that rule 1.525 does not apply to postdecretal orders in family law actions. We rejected the same contention in Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005). As we did in Nicoletti, we certify conflict with Gosselin v. Gosselin, 869 So.2d 667 (Fla. 4th DCA 2004), on the issue of whether at the time Ponce filed her motion rule 1.525 applied to postdecretal orders in family law cases.
Ponce next contends that even if the rule does apply, we should still reverse the trial court because Florida Family Law Rule of Procedure 12.525, which became effective on March 3, 2005, and which states that rule 1.525 does not apply in family law matters, applies retroactively to this case. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). In Nicoletti, however, we held that rule 12.525 does not apply retroactively. 902 So.2d at 216-17. As we did in Caldwell v. Finochi, 909 So.2d 976 (Fla. 2d DCA 2005), we certify conflict with Smith v. Smith, 902 So.2d 859 (Fla. 1st DCA 2005), on the issue of whether rule 12.525 applies to cases pending on appeal when it became effective.
Finally, Ponce contends that her motion was timely because she filed it within thirty days from the date of the amended supplemental final judgment. To afford Ponce relief under this theory we would first have to conclude that the parties' motions for reconsideration tolled the time for Ponce to file her motion for attorney's fees. However, in Clampitt v. Britts, 897 So.2d 557 (Fla. 2d DCA 2005), this court rejected the contention that the filing of a motion for rehearing tolls the time to file a motion for attorney's fees under rule 1.525. In light of this court's steadfast refusal to recognize any exceptions to the procedure stated in rule 1.525, we do not believe the fact that the motion for reconsideration resulted in an amended final judgment permits us to create an exception to the rule. See, e.g., Lyn v. Lyn, 884 So.2d 181 (Fla. 2d DCA 2004) (noting that rule 1.525 does not preclude a party from seeking an extension of time to file a fee motion).
Affirmed; conflict certified.
STRINGER and VILLANTI, JJ., Concur.