937 So.2d 1154 (2006)
Louis MONTELLO, Appellant,
v.
Sonia Jucht MONTELLO, Appellee.
Nos. 3D05-1615, 3D04-788, 3D04-1094.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Montello & Friedman and Daniella Friedman, Miami, for appellant.
Burnstein & Associates and Bernardo Burnstein, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
*1155 COPE, C.J.
These are three consolidated appeals arising out of dissolution of marriage proceedings. We affirm in part and vacate in part.
The former wife, Sonia Jucht Montello appeals, and the former husband, Louis Montello, cross-appeals the final judgment of dissolution of marriage. On the former wife's appeal, we conclude that the former wife has not shown any reversible error to exist with regard to the final judgment. We reach the same conclusion regarding the cross-appeal by the former husband of the visitation order.
The former husband filed a motion seeking to hold the former wife in indirect criminal contempt. None of the procedures outlined in Florida Rule of Criminal Procedure 3.840 was followed. The court entered a hybrid order which had some characteristics of a criminal contempt order and some characteristics of a civil contempt order, for it included a purge provision.
We have no quarrel with that part of the trial court's order which admonishes both parties to cooperate with each other, finds that the former wife had violated the court's most recent temporary visitation order, and admonishes her that she must comply. However, an indirect criminal contempt and a civil contempt serve two distinct functions. See Parisi v. Broward County, 769 So.2d 359, 364-65 (Fla.2000). The hybrid order now before us cannot stand. See id. at 365-67; Rylander v. Teschouva, 877 So.2d 7, 8 (Fla. 3d DCA 2004). Because the incidents leading up to the contempt order occurred several years ago, no useful purpose would be served by remanding for a new contempt hearing. Accordingly we vacate the contempt order.
The former husband appeals a final judgment awarding the former wife attorney's fees for services rendered during the matrimonial proceedings. We address the former husband's claim that the trial court did not have jurisdiction to entertain the motion on account of Florida Rule of Civil Procedure 1.525.
The final hearing was conducted by the general magistrate, who entered a report and recommendation on August 25, 2003. In paragraph twenty-three, the general magistrate's report recommended that the court reserve jurisdiction to determine entitlement and amount of legal fees to be awarded, if any. On September 5, 2003, the former wife filed her motion for attorney's fees and costs ("the former wife's attorney's fee motion"). On September 19, 2003, the former husband filed his motion for attorney's fees. On March 1, 2004, the trial court approved the report of the general magistrate (which included the recommendation for reservation of jurisdiction) and entered a final judgment of dissolution of marriage.
Thereafter the former wife did not file an additional motion for attorney's fees.[1] Instead, the former wife requested a hearing on her already-pending motion on which there had been a reservation of jurisdiction.
In December 2004, the general magistrate conducted a hearing on the parties' attorney's fee motions. In February 2005, the general magistrate entered a report and recommendation awarding attorney's fees to the former wife and also requiring the former husband to pay the fees of the expert accountant. The general magistrate rejected the former husband's request for attorney's fees.
*1156 In March 2005, the Florida Supreme Court issued its opinion in Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla. 2005). The court adopted new Florida Family Law Rule of Procedure 12.525, effective immediately. The new Rule states, "Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules." 897 So.2d at 467.
In June 2005, the trial court approved the report and recommendation of the general magistrate and rejected the former husband's exceptions to that report. The former husband has appealed.
We agree with the First District Court of Appeal that new Rule 12.525 is applicable to cases that were pending on the effective date of the new rule. See Smith v. Smith, 902 So.2d 859, 863 (Fla. 1st DCA 2005). Rule 12.525 became effective on March 3, 2005, see 897 So.2d at 467, which was after the date of the general magistrate's report but before the date of the trial court's order approving the general magistrate's report. Since this case was pending on March 3, 2005 it follows Rule 12.525 applies here and Rule 1.525 does not apply.
We believe our interpretation is supported by the Florida Supreme Court's decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006). The Saia case involved an interpretation of Rule 1.525. The Saia opinion points out that Rule 1.525 took effect January 1, 2001. According to Saia, this means that Rule 1.525 "applies to all cases pending on or filed after January 1, 2001." 930 So.2d at 600 (emphasis added).
The Saia opinion's reasoning should be applicable to the amendment to Rule 12.525. As already stated, the Rule 12.525 amendment took effect on March 3, 2005. Under the logic of Saia, the Rule 12.525 amendment applies to all cases pending on, or filed after, March 3, 2005. We certify direct conflict with Ponce v. Minda, 923 So.2d 1250 (Fla. 2d DCA), review pending, No. SC06-803 (Fla. filed April 24, 2006), Italiano v. Italiano, 920 So.2d 694 (Fla. 2d DCA), review pending, No. SC06-419 (Fla. filed March 3, 2006), Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005), and Reddell v. Reddell, 900 So.2d 670, 672 n. 1 (Fla. 5th DCA 2005).
Turning to the merits, we affirm the attorney's fee judgment.
Affirmed in part, vacated in part; direct conflict certified.
NOTES
[1] On March 24, 2004 the former husband filed a supplemental motion for attorney's fees which again requested attorney's fees for all of the trial court proceedings.