961 So.2d 257 (2007)
Louis R. MONTELLO, Petitioner,
v.
Sonia Jucht MONTELLO, Respondent.
No. SC06-2072.
Supreme Court of Florida.
June 21, 2007.
*258 Louis R. Montello of Montello and Associates, P.A., Miami, FL, for Petitioner.
Bernardo Burstein of Burstein and Associates, P.A., Miami, FL, for Respondent.
PER CURIAM.
This case is before the Court for review of the decision of the Third District Court of Appeal in Montello v. Montello, 937 So.2d 1154 (Fla. 3d DCA 2006). The district court certified that its decision is in direct conflict with decisions of the Second and Fifth District Courts of Appeal. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The instant case concerns the timing of a motion for attorney fees in dissolution of marriage proceedings for Louis Montello (the former husband) and Sonia Jucht Montello (the former wife). Briefly, the main issue on appeal is whether Florida Family Law Rule of Procedure 12.525 or Florida Rule of Civil Procedure 1.525 should apply to a motion for attorney fees and costs filed in a dissolution case which was pending on the effective date for rule 12.525.
Florida Rule of Civil Procedure 1.525 became effective on January 1, 2001, and provided:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of a voluntary dismissal.
Four years after the enactment of rule 1.525, we determined that the rule should not apply in family law proceedings, because "[t]he method of taxation of attorneys' fees and costs in family law cases is quite different from that in civil litigation." Amendments to the Fla. Family Law Rules of Pro. (Rule 12.525), 897 So.2d 467, 467 (Fla.2005). We therefore adopted rule 12.525 effective March 3, 2005, which sets forth that "Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules."
In the instant case, the former wife did not file a motion for attorney fees within thirty days of the entry of the final judgment for dissolution on March 1, 2004. Both she and the former husband filed their motions prior to that final judgment. The trial court did not approve the report and recommendation on attorney fees until June 2005, after the enactment of rule 12.525. The Third District affirmed the trial court's decision granting the former wife's motion for attorney fees in the dissolution *259 proceedings. Montello, 937 So.2d at 1155-56. The Third District held that rule 12.525 applied, and thus the former wife did not have to comply with the time requirements set out in rule 1.525 in filing her motion because her case was pending on the date that rule 12.525 became effective. Id. The Third District noted that its decision was supported by this Court's decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 600 (Fla.2006), which held that rule 1.525 applied to all cases pending on the date that the rule took effect.
The Third District certified conflict with the decisions in Ponce v. Minda, 923 So.2d 1250 (Fla. 2d DCA 2006), review dismissed, 944 So.2d 346 (Fla.2006);[1]Italiano v. Italiano, 920 So.2d 694 (Fla. 2d DCA 2006); Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005); and Reddell v. Reddell, 900 So.2d 670 (Fla. 5th DCA 2005).
We approve the Third District's decision in this matter and hold that rule 12.525 applied to all cases that were pending on the date of its enactment. We disapprove the decisions certified as being in conflict to the extent that they conflict with our holding.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The parties in Ponce filed a stipulation for dismissal of their appeal to this Court pursuant to Florida Rule of Appellate Procedure 9.350(a). See Ponce v. Minda, 944 So.2d 346 (Fla.2006).