965 So.2d 840 (2007)
Rodriguez M. McCLOUD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-348.
District Court of Appeal of Florida, Fifth District.
September 21, 2007.
*841 Rodriguez M. McCloud, Wewahitchka, pro se.
Bill McCollum, Attorney General, Tallahassee and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Rodriguez M. McCloud (defendant) appeals the trial court's order summarily denying his rule 3.800(a) motion to correct illegal sentence.[1] Determining that one of the arguments raised in the defendant's motion possesses merit, we reverse.
In 1998, the defendant was convicted of committing an armed robbery with a firearm or deadly weapon, a first degree felony. The trial court orally sentenced the defendant, as a habitual violent felony offender (HVFO), to a term of life imprisonment with a 15-year mandatory minimum. Thereafter, the trial court entered a written sentencing document which conflicted with its oral pronouncement. Specifically, the document stated that the defendant was sentenced to a term of natural life and that he was "ineligible for parole."
The defendant filed a rule 3.800(a) motion alleging that his sentence was illegal. The trial court summarily denied the motion. This appeal followed.
The defendant argues that his written sentence is illegal because it conflicts with the trial court's oral pronouncement made during the sentencing hearing. We agree.
Recently, in Williams v. State, 957 So.2d 600 (Fla.2007), our Supreme Court addressed a factually similar case and concluded that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence:
This Court has held that a court's oral pronouncement of a sentence controls over the written sentencing document. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003); Justice v. State, 674 So.2d 123, 126 (Fla.1996). When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy. See Ashley, 850 So.2d at 1268-69; Justice, 674 So.2d at 126. In effect, under our decisions in Ashley and Justice, we have determined that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence. Indeed, we have restricted the authority of a trial court to enter a conflicting written sentence in this manner. State v. Jones, 753 So.2d 1276, 1277 n. 2 (Fla. 2000). Accordingly, no court has the authority to enter such a sentence, since the oral pronouncement controls and constitutes the legal sentence imposed. For this reason, we agree with the decisions of the First, Second, Third, and Fifth District Courts of Appeal that a motion alleging a discrepancy between the oral and written sentences should be cognizable in a rule 3.800(a) proceeding.
Id. at 603. Applying this case law to the instant facts, we conclude that the trial court erred in summarily denying the defendant's rule 3.800(a) motion because the defendant's written sentence, which conflicts with the trial court's orally pronounced sentence, is an illegal sentence.[2]
*842 Accordingly, we reverse the trial court's denial of the defendant's rule 3.800(a) motion and remand this matter with instructions for the trial court to enter a written sentence which conforms with the sentence orally pronounced by the sentencing court.
REVERSED and REMANDED with instructions.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.800.
[2] We note further that the defendant's written sentence of life imprisonment without eligibility for parole constitutes an illegal sentence because the defendant's crime was committed in 1997 and, at that time, the Florida Statutes only authorized parole ineligibility for defendants convicted of capital felonies. See § 775.082(1), Fla. Stat. (1997). See also Bedford v. State, 633 So.2d 13 (Fla.1994)(striking that portion of petitioner's sentence finding him ineligible for parole because, although the trial judge could impose a life sentence, the trial judge could not preclude eligibility for parole).