PER CURIAM.
 

 In response to recent legislation, The Florida Bar’s Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report of proposed amendments to the Florida Probate Rules. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
 

 The Committee proposes amendments to rules 5.025 (Adversary Proceedings), and 5.240 (Notice of Administration). The proposals are in response to statutory changes made by chapter 2011-183, Laws of Florida, which went into effect upon being signed into law by the Governor on June 21, 2011.
 
 See
 
 ch.2011-183, §§ 3-4, 8, 14, Laws of Fla. (creating §§ 732.615, 732.616, Fla. Stat.; amending § 733.212, Fla. Stat. (2010); providing effective date). The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the proposals.
 

 After considering the Committee’s proposals and reviewing the relevant legislation, we adopt the Committee’s proposals.
 
 [1]
 
 Subdivision (a) (Specific Adversary Proceedings) of rule 5.025 is amended to add proceedings to reform a will, modify a will, and determine pretermitted status to the list of probate and guardianship proceedings that are “adversary proceedings” to which the Rules of Civil Procedure apply under the rule. The Committee determined that the new actions to reform or modify a will created by chapter 2011-183, sections 3-4, Laws of Fla. (creating §§ 732.615, 732.616, Fla. Stat.), should be treated as adversary proceedings. The Committee also determined that an action to determine a pretermitted share should be treated as an adversary proceeding.
 

 Subdivision (d)(2) of rule 5.025 is amended to exclude Rule of Civil Procedure 1.525 (Motion for Costs and Attorney Fees) from the requirement that the Rules of Civil Procedure govern adversary probate and guardianship proceedings.
 
 Cf. Amendments to Fla. Family Law Rules of Procedure (Rule 12.525),
 
 897 So.2d 467 (Fla.2005) (adopting new rule 12.525 to provide that rule 1.525 shall not apply to proceedings governed by family law rules).
 

 Consistent with statutory changes made by chapter 2011-183, section 8, Laws of Florida (amending § 733.212, Fla. Stat. (2010)), subdivision (b)(2) of rule 5.240 (Notice of Administration) is amended to require that a notice of administration include a statement that “the fiduciary lawyer-client privilege in section 90.5021, Florida Statutes, applies with respect to the personal representative and any attorney employed by the personal representative.”
 

 Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days
 
 *207
 
 from the date of this opinion in which to file comments with the Court.
 
 [2]
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 5.025. ADVERSARY PROCEEDINGS
 

 (a) Specific Adversary Proceedings. The following must be are adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, reform a will, modify a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted status, determine pretermitted share, determine amount of elective share and contribution, and for revocation of probate of a will.
 

 (b) Declared Adversary Proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
 

 (1)If served by the petitioner, the declaration shall must be served with the petition to which it relates.
 

 (2) If served by the respondent, the declaration and a written response to the petition shall must be served at the earlier of:
 

 (A) within 20 days after service of the petition, or
 

 (B) prior to the hearing date on the petition.
 

 (3) When the declaration is served by a respondent, the petitioner shall must promptly serve formal notice on all other interested persons.
 

 (c) [No Change]
 

 (d) Notice and Procedure in Adversary Proceedings.
 

 (1) Petitioner shall must serve formal notice.
 

 (2) After service of formal notice, the proceedings, as nearly as practicable, shall must be conducted similar to suits of a civil nature and-the Florida Rules of Civil — Procedure shall ■ govern, including entry of defaults. The Florida Rules of Civil Procedure govern, except for rule 1.525.
 

 (3) The court on its motion or on motion of any interested person may enter orders to avoid undue delay in the main administration.
 

 (4) If a proceeding is already commenced when an order is entered determining the proceeding to be adversary, it shall must thereafter be conducted as an adversary proceeding. The order shall
 
 *208
 
 must require interested persons to serve written defenses, if any, within 20 days from the date of the order. It shall is not be necessary to re-serve the petition except as ordered by the court.
 

 (5) When the proceedings are adversary, the caption of subsequent pleadings, as an extension of the probate caption, shall must include the name of the first petitioner and the name of the first respondent.
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1975-2008 Revision: [No Change]
 

 2011 Revision: Subdivision (a) revised to add “reform a will, modify a will” and “determine pretermitted status.” Subdivision (d)(2) modified to insure that an award of attorneys’ fees in a probate or guardianship proceeding follows the law and procedures established for such proceedings, rather than the law and procedures for civil proceedings. See
 
 Amendments to the Florida Family Law Rules of Procedure (Rule 12.525),
 
 897 So.2d 467 (Fla.2005). Editorial changes to conform to the court’s guidelines for rules submissions as set forth in Administrative Order AOSCQ6-14. Committee Notes revised.
 

 Statutory References
 

 § 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
 

 § 732.201-732.2155, Fla. Stat. Elective share of surviving spouse.
 

 § 732.301, Fla. Stat. Pretermitted spouse.
 

 § 732.302, Fla. Stat. Pretermitted children.
 

 § 732.507, Fla. Stat. Effect of subsequent marriage, birth, adoption, or dissolution of marriage.
 

 §§ 732.6005-732.611, Fla. Stat. Rules of construction.
 

 § 732.615, Fla. Stat. Reformation to correct mistakes.
 

 § 732.616, Fla. Stat. Modification to achieve testator’s tax objectives.
 

 § 733.105, Fla. Stat. Determination of beneficiaries.
 

 § 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.
 

 § 733.109, Fla. Stat. Revocation of probate.
 

 § 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
 

 § 733.208, Fla. Stat. Discovery of later will.
 

 § 733.504, Fla. Stat. Removal of personal representative; causes for removal.
 

 § 733.505, Fla. Stat. Jurisdiction in removal proceedings.
 

 § 733.506, Fla. Stat. Proceedings for removal.
 

 § 733.5061, Fla. Stat. Appointment of successor upon removal.
 

 § 733.603, Fla. Stat. Personal representative to proceed without court order.
 

 § 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.
 

 § 733.619(2), (4), Fla. Stat. Individual liability of personal representative.
 

 § 733.814, Fla. Stat. Partition for purpose of distribution.
 

 § 744.3085, Fla. Stat. Guardian advocates.
 

 § 744.474, Fla. Stat. Reasons for removal of guardian.
 

 § 744.477, Fla. Stat. Proceedings for removal of a guardian.
 

 Rule References
 

 [No Change]
 

 
 *209
 
 Rule 5.240. Notice of Administration
 

 (a) [No Change]
 

 (b) Contents. The notice shall state:
 

 (1) the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;
 

 (2) the name and address of the personal representative and of the personal representative’s attorney, and that the fiduciary lawyer-client privilege in section 90.5021, Florida Statutes, applies with respect to the personal representative and any attorney employed by the personal representative;
 

 (3) that any interested person on whom the notice is served who challenges the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court is required to must file any objections with the court in the manner provided in the Florida Probate Rules within the time required by law or those objections are forever barred;
 

 (4) that any person entitled to exempt property is required to must file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived; and
 

 (5) that an election to take an elective share must be filed within the time provided by law.
 

 (c) Copy of Will. Unless the court directs otherwise, the personal representative of a testate estate shall must, upon written request, furnish a copy of the will and all codicils admitted to probate to any person on whom the notice of administration was served.
 

 (d) [No Change]
 

 (e) Waiver of Service. For the purpose of determining deadlines established by reference to the date of service of a copy of the notice of administration in cases in which service has been waived, service on a person who has waived notice shall-be is deemed to occur on the date the waiver is filed.
 

 Committee Notes
 

 Rule History
 

 1977-2007 Revision: [No Change]
 

 2011 Revision: Subdivision (b)(2) amended to conform to amendment to section 732,212, Florida Statutes, relating to attorney-client privilege for fiduciaries and their attorneys. Editorial changes to conform to the court’s guidelines for rules submissions as set forth in Administrative Order AOSCQ6-14. Statutory reference to section 732,402, Florida Statutes, added. Committee Notes revised.
 

 Statutory References
 

 § 731.201(23), Fla. Stat. General definitions.
 

 § 731.301, Fla. Stat. Notice.
 

 § 731.302, Fla. Stat. Waiver and consent by interested person.
 

 § 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
 

 § 732,402, Fla. Stat. Exempt property.
 

 § 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
 

 § 733.101, Fla. Stat. Venue of probate proceedings.
 

 § 733.109, Fla. Stat. Revocation of probate.
 

 § 733.212, Fla. Stat. Notice of administration; filing of objections.
 

 § 733.2123, Fla. Stat. Adjudication before issuance of letters.
 

 
 *210
 
 § 733.302, Fla. Stat. Who may be appointed personal representative.
 

 § 733.303, Fla. Stat. Persons not qualified.
 

 § 733.305, Fla. Stat. Trust companies and other corporations and associations.
 

 § 733.504, Fla. Stat. Removal of personal representative; causes for removal.
 

 § 733.506, Fla. Stat. Proceedings for removal.
 

 Rule References
 

 [No Change]
 

 [1]
 

 . Several editorial changes are made.
 

 [2]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before November 28, 2011, with a certificate of service verifying that a copy has been served on the committee co-chairs, John Christopher Moran, Gunster Yoakley
 
 &
 
 Stewart P.A., 777 South Flagler Drive, Suite 500 E, West Palm Beach, Florida 33401-6121; Tasha K. Pepper-Dickinson, Jones Foster Johnston & Stubbs, P.A., 505 South Flagler Drive, Suite 1100, West Palm Beach, Florida 33401-5950, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until December 19, 2011, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order
 
 In re Mandatory Submission of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).