PER CURIAM.
Previously in this case, on September 28, 2011, the Court amended the Florida Probate Rules in response to proposals by The Florida Bar’s Probate Rules Committee (Committee).[1] See In re Amendments to the Florida Probate Rules, 73 So.3d 205 (Fla.2011). In particular, subdivision (d)(2) of rule 5.025 (Adversary Proceedings) was amended to exclude Florida Rule of Civil Procedure 1.525 (Motions for Costs and Attorneys’ Fees) from the requirement that the Rules of Civil Procedure govern adversary probate and guardianship proceedings. Cf. Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005) (adopting new Florida Family Law Rule *115 12.525 to provide that Florida Rule of Civil Procedure 1.525 shall not apply to proceedings governed by the family law rules). Because the amendments were not published for comment prior to adoption, the Court allowed sixty days in which interested persons could file comments. In re Amendments to the Florida Probate Rules, 73 So.3d at 206-07.
A comment was filed suggesting the Court explicitly state that the amendments to rule 5.025(d)(2) apply to all cases “open or reopened” as of September 28, 2011, the effective date of the amendments. In its response, the Committee states that it agrees and believes that a clarification regarding the amendments will help avoid confusion, litigation, and possibly inconsistent application of the rule. Cf. Montello v. Montello, 961 So.2d 257, 258-59 (Fla.2007) (clarifying that Florida Family Law Rule 12.525 applies to all cases pending on the date the rule became effective).
As recommended by the Committee, we clarify that the amendments to Florida Probate Rule 5.025(d)(2) apply to all proceedings commenced on or after the September 28, 2011, effective date. The amendments also apply to all proceedings that were pending on the effective date, but only as to all judgments, orders, or notices that were filed on or after that date.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).