PER CURIAM.
Appellant, Nancy Stone, appeals the trial court’s order striking her motion for costs and denying her motion to have the motion for costs deemed timely filed. We reverse and remand because Florida Rule of Civil Procedure 1.525 did not apply to appellant’s motion for costs.[1]
Generally, in civil proceedings, “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment ... which judgment or notice concludes the action as to that party.” Fla. R. Civ. P. 1.525. However, under Florida Probate Rule 5.025(d)(2), adversary probate proceedings, “as nearly as practicable, must be conducted similar to suits of a civil nature, including entry of defaults. The Florida Rules of Civil Procedure govern, except for rule 1.525.” This probate rule is applicable to the order on appeal in this case. In re Amendments to the Florida Probate Rules, 95 So.3d 114, 115 (Fla.2012). The inapplicability of rule 1.525 in adversary probate proceedings functions identically to the inapplicability of the rule in proceedings governed by the Florida Family Law Rules of Procedure. See Montello v. Montello, 961 So.2d 257, 258-59 (Fla.2007); Hollister v. Hollister, *378 965 So.2d 841, 349-50 (Fla. 2d DCA 2007); Smith v. Smith, 902 So.2d 859, 862-63 (Fla. 1st DCA 2005).
As such, the trial court erred in striking appellant’s motion for costs based on the motion being untimely served under the thirty-day rule of Florida Rule of Civil Procedure 1.525. We, therefore, reverse and remand for further proceedings on appellant’s motion for costs.

Reversed and remanded for further proceedings.

MAY, LEVINE and CONNER, JJ., concur.

. We find this issue preserved for our review, even though it was presented by appellant for the first time in a motion for rehearing. See Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So.3d 269, 278-79 (Fla. 1st DCA 2012); Philip J. Padovano, Florida Civil Practice § 22:9 (2014 ed.) ("If the motion for rehearing presents a pure issue of law, the trial judge must decide the issue according to the applicable principles of law and may not exercise discretion.”).