DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARGARET M. FINNEGAN,**
as Executor of the Estate of **ELLEN DONLON,**
Appellant,

v.

**NOREEN COMPTON,** as Personal Representative
of the Estate of **FREDRICK LaCHANCE,**
Appellee.

No. 4D13-4213

[January 14, 2015]

*ON MOTION FOR REHEARING
AND REHEARING EN BANC*

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502009CP003949XXXXSB.

Amy J. Fanzlaw of Osborne & Osborne, P.A., Boca Raton, for appellant.

No brief filed for appellee.

PER CURIAM.

Appellant moves for rehearing and rehearing en banc. The basis for the motions is that we "overlooked Florida Probate Rule 5.025, which specifically states that Florida Rule of Civil Procedure 1.525 is inapplicable in adversary probate proceedings." Appellant argues that she "cannot be required to comply with a rule that specifically, as a matter of law, does not apply." Further, appellant contends that our application of Rule 1.525 in her case conflicts with *Stone v. Stone,* 132 So. 3d 377 (Fla. 4th DCA 2014), where we applied Probate Rule 5.025(d)(2), and not Rule 1.525, to determine the timeliness of a motion for costs.

Probate Rule 5.025(d)(2) was modified in 2011 "to insure that an award of attorneys' fees in a probate or guardianship proceeding follows the law and procedures established for such proceedings, rather than the law and procedures for civil proceedings." Fla. R. Prob. 5.025 committee notes.

The Supreme Court clarified that Rule 5.025(d)(2) applies to "all proceedings commenced on or after the September 28, 2011, effective date" and also to "all proceedings that were pending on the effective date, but only as to all judgments, orders, or notices that were filed on or after that date." *In re Amendments to the Florida Probate Rules*, 95 So. 3d 114, 115 (Fla. 2012).

In this case, appellant obtained a final judgment on January 5, 2011, over eight months before the September 28, 2011 effective date of the amendment to Probate Rule 5.025(d)(2). At the time the judgment was entered, Civil Rule 1.525 applied. *See, e.g., Hays v. Lawrence*, 1 So. 3d 1176, 1177 (Fla. 5th DCA 2009). Appellant did not move for attorney's fees until September 7, **2012**, long after the Rule 1.525 time limits had passed. It is the date of the final judgment that distinguishes this case from *Stone v. Stone*, where the final judgment forming the basis of the motion for costs was impliedly entered after the amendment's effective date.

*The motions for rehearing and rehearing en banc are denied.*

DAMOORGIAN, C.J., STEVENSON and GROSS, JJ., concur.

\* \* \*

- 2 -