[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15772
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cv-00222-RH-CAS

WILLIE JACKSON JOHNSON,

Petitioner-Appellant,

versus

SECRETARY,
DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 29, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner Willie Johnson, a Florida state prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition.  The district court determined that the petition was both second or successive and also untimely.  No reversible error has been shown; we affirm.

In 1983, Petitioner was convicted of first-degree murder (Count 1) and of sexual battery (Count 2).  Petitioner was sentenced to life imprisonment for each of his two convictions, to run consecutively.  At the sentencing hearing, the state court announced orally Petitioner's sentence for Count 1: "[I]t is the judgment of the Court and sentence of the law that you be committed to the Department of Corrections for the period of your natural life, and pursuant to Section 775.082 Florida Statutes, you shall be required to serve twenty-five years before being eligible for parole."  On the written judgment form, a box was checked indicating that -- pursuant to Fla. Stat. § 947.16(3) -- the state court would "retain[] jurisdiction over the defendant for review of any Parole Commission release order for the period of 25 years."

Petitioner's convictions and sentences were affirmed on direct appeal. Thereafter, Petitioner made several unsuccessful attempts to obtain post-conviction relief in state court.

2

Petitioner filed his first 28 U.S.C. § 2254 petition in 2009.  The district court dismissed the petition as untimely.  Petitioner filed no appeal.

In 2013, the state court granted in part Petitioner's motion to correct an illegal sentence: a motion filed pursuant to Fla. R. Crim. P. 3.800.  In pertinent part, the state court determined (and the State conceded) that the sentencing court lacked authority under Fla. Stat. § 947.16(3) to retain jurisdiction over a life sentence.  Accordingly, the state court struck the retention-of-jurisdiction provision from Petitioner's written judgment.  The state court entered no new judgment.  On appeal, the state appellate court affirmed.  The mandate issued on 8 April 2014.

On 7 April 2015, Petitioner filed the pro se section 2254 petition at issue in this appeal.  The district court dismissed the petition as second or successive and as untimely.  The district court explained that the state court's 2013 order striking the retention-of-jurisdiction provision in Petitioner's written judgment constituted no "new judgment" for purposes of restarting the statute of limitations or for avoiding the restriction on filing second or successive section 2254 petitions.  The district court granted Petitioner a certificate of appealability.

"We review de novo whether a petition for a writ of habeas corpus is second or successive."  Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

3

Section 2254 permits a prisoner "in custody pursuant to the judgment of a State court" to challenge his conviction and sentence "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Before filing a second or successive habeas corpus petition in the district court, a state prisoner must first move the court of appeals for an order authorizing the district court to consider such a petition.  See 28 U.S.C. § 2244(b)(3)(A).  Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

In determining whether a habeas petition is second or successive, we look to the judgment being challenged.  Patterson, 849 F.3d at 1325.  A petition is not considered second or successive if (1) "it challenges a 'new judgment' issued after the prisoner filed his first petition" and (2) that new judgment authorizes the prisoner's confinement.  Id. (citing Magwood v. Patterson, 561 U.S. 320, 324, 332 (2010)).

Here, the only judgment authorizing Petitioner's confinement is the original judgment entered in 1983.  Although the state court later struck the retention-of-jurisdiction provision in Petitioner's written judgment, the state court left undisturbed the remainder of the judgment -- including the portion of the judgment committing Petitioner to the custody of the Department of Corrections.  The state

court issued no intervening "new judgment."  Instead, the state court simply corrected a clerical error on the 1983 written judgment form.  Cf. Patterson, 849 F.3d at 1326 (noting that an order correcting a clerical mistake creates no new judgment for purposes of permitting a second round of habeas review); State v. Jones, 753 So. 2d 1276, 1277 n.2 (Fla. 2000) (when "[t]he written sentencing order is inconsistent with the oral sentencing pronouncement . . . the oral pronouncement controls.").

Because Petitioner's 2015 habeas petition is Petitioner's second challenge to his 1983 criminal judgment, the district court dismissed properly the petition as an unauthorized second or successive habeas petition.  See Burton, 549 U.S. at 152-53.  We also agree with the district court's determination that the petition was untimely filed.  Petitioner filed his petition in 2015, long after the deadline for filing a federal habeas petition had expired.

AFFIRMED.