# Supreme Court of Florida

_____

No. SC17-1005
_____

## IN RE: AMENDMENTS TO THE FLORIDA EVIDENCE CODE - 2017 OUT-OF-CYCLE REPORT.

[January 25, 2018]

PER CURIAM.

We have for consideration the joint out-of-cycle report filed by the Florida Bar's Probate Rules Committee (FPR Committee) and the Code and Rules of Evidence Committee (CRE Committee) (collectively Committees) asking this Court to reconsider its 2014 decision not to adopt, to the extent it is procedural, chapter 2011–183, section 1, Laws of Florida, which created section 90.5021, Florida Statutes (2017), (Fiduciary lawyer-client privilege) of the Florida Evidence Code. See In re Amends. to Fla. Evidence Code, 144 So. 3d 536, 537 (Fla. 2014). We have jurisdiction, see art. V, § 2(a), Fla. Const., and now adopt chapter 2011– 183, section 1, Laws of Florida, to the extent that provision of the Evidence Code is procedural.

## BACKGROUND

The Committees ask the Court to adopt section 90.5021 of the Florida Evidence Code in order to resolve what they refer to as a "conflict" between a 2011 amendment to Florida Probate Rule 5.240(b)(2) (Notice of Administration)[1] and the Court's 2014 decision not to adopt section 90.5021. The CRE Committee voted 26-0 to ask the Court to resolve the conflict between the 2014 decision and the probate rule. The FPR Committee voted 30-0 to ask the Court to adopt section 90.5021. The Board of Governors of The Florida Bar voted 41-0 to approve the Committees' request. The Committees published the request for comment prior to filing the report with the Court. The Committees received two comments. One comment opposed the Court adopting section 90.5021 and the other was not responsive to the request. The Court published the Committees' request for comment. Two comments were filed with the Court. One comment urged the Court to adopt section 90.5021 and the other opposed adoption.

## COMMITTEES' REQUEST

According to the report, the conflict the Committees ask the Court to resolve arose as a result of the timing of (1) the Court amending the probate rule in response to section 8 of chapter 2011-183, Laws of Florida; and (2) the Court later declining to adopt section 1 of chapter 2011-183, which created section 90.5021 of

---

1. See In re Amends. to Fla. Probate Rules, 73 So. 3d 205 (Fla. 2011).

the Evidence Code. In 2011, the Florida Legislature enacted chapter 2011-183, Laws of Florida, which became effective June 21, 2011. See ch. 2011-183, § 14, Laws of Fla. Section 1 of chapter 2011-183 created section 90.5021, Florida Statutes, which eliminated what the Committees refer to as the common law fiduciary exception to the attorney-client privilege, to the extent that exception existed in Florida. Section 8 of chapter 2011-183, Laws of Florida, amended section 733.212(2)(b), Florida Statutes (2010), to require that a notice of estate administration include a statement that "the fiduciary lawyer-client privilege in section 90.5021, Florida Statutes, applies with respect to the personal representative and any attorney employed by the personal representative."

In response to the amendment to section 733.212(2)(b), in 2011, the FPR Committee proposed a fast-track out-of-cycle amendment to Florida Probate Rule 5.240(b)(2) that, consistent with the statute, requires a notice of estate administration to include a statement that "the fiduciary lawyer-client privilege in section 90.5021, Florida Statutes, applies with respect to the personal representative and any attorney employed by the personal representative." The Court adopted, effective September 28, 2011, the proposed probate rule amendment in In re Amendments to the Florida Probate Rules, 73 So. 3d 205 (Fla. 2011). Then, in its 2013 regular-cycle report, the CRE Committee recommended that the Court adopt, to the extent it was procedural, chapter 2011-183, section 1,

Laws of Florida, which created the section 90.5021 fiduciary lawyer-client privilege. However, in the 2014 opinion addressing that recommendation, the Court declined to follow the Committee's recommendation to adopt the new provision of the Code. In re Amends. to Fla. Evidence Code, 144 So. 3d at 537.

According to the Committees' report, the resulting conflict between the probate rule that requires notice of the section 90.5021 fiduciary lawyer-client privilege and the Court's refusal to adopt that privilege to the extent it is procedural has led to confusion for lawyers who represent fiduciaries, such as personal representatives, as well as for circuit court judges. After considering the Committees' report, the comments submitted to the Committees and filed with the Court, and the Committees' response, we now adopt section 1 of chapter 2011-183, Laws of Florida, as provided in the appendix to this opinion, to the extent it is procedural. Our adoption of chapter 2011-183 is effective retroactively to June 21, 2011, the date it became law.[2]

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

2. See ch. 2011-183, § 14, Laws of Fla.

Original Proceedings – Florida Bar Code and Rules of Evidence Committee

Perry Michael Adair, Chair, and Gregory Paul Borgognoni, Past Chair, Code and Rules of Evidence Committee, Coral Gables, Florida; Jonathan Adam Galler, Chair, Florida Probate Rules Committee, Boca Raton, Florida, Michael Travis Hayes, Past Co-Chair, and Jon Scuderi, Past Co-Chair, Florida Probate Rules Committee, Naples, Florida; and Joshua E. Doyle, Executive Director, Heather Savage Telfer, Staff Liaison, and Mikalla Andies Davis, Attorney Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Robert W. Goldman, Naples, Florida; and George J. Taylor, Fort Lauderdale, Florida,

     Responding with Comments

# APPENDIX

## Chapter 2011-183, § 1:

**90.5021    Fiduciary lawyer-client privilege.—**

(1)   For the purpose of this section, a client acts as a fiduciary when serving as a personal representative or a trustee as defined in ss. 731.201 and 736.0103, an administrator ad litem as described in s. 733.308, a curator as described in s. 733.501, a guardian or guardian ad litem as defined in s. 744.102, a conservator as defined in s. 710.102, or an attorney in fact as described in chapter 709.

(2)   A communication between a lawyer and a client acting as a fiduciary is privileged and protected from disclosure under s. 90.502 to the same extent as if the client were not acting as a fiduciary. In applying s. 90.502 to a communication under this section, only the person or entity acting as a fiduciary is considered a client of the lawyer.

(3)   This section does not affect the crime or fraud exception to the lawyer-client privilege provided in s. 90.502(4)(a).