# Supreme Court of Florida

_____

No. SC18-1459

_____

**IN RE: AMENDMENTS TO THE FLORIDA PROBATE RULES—2018 FAST-TRACK REPORT.**

September 27, 2018

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report[1] proposing amendments to Florida Probate Rule 5.025 (Adversary Proceedings). We have jurisdiction[2] and adopt the amendments as proposed.

The proposed amendments address the enactment of section 825.1035, Florida Statutes (2018), in chapter 2018-100, section 2, Laws of Florida, which became effective July 1, 2018.[3] The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals.

---

1. _See_ Fla. R. Jud. Admin. 2.140(e).

2. _See_ art. V, § 2(a), Fla. Const.

3. _See_ ch. 2018-100, § 6, Laws of Fla.

The Committee did not publish the proposals before filing them with the Court. After considering the Committee's proposals and the relevant legislation, we amend the Florida Probate Rules as proposed.

We amend subdivision (a) of rule 5.025 to add proceedings for an injunction under section 825.1035 to the list of adversary proceedings. Specifically, we include "obtain an injunction or temporary injunction pursuant to section 825.1035, Florida Statutes" to the first sentence of rule 5.025(a).

Next, we amend rule 5.025(d)(1) to exclude proceedings under section 825.1035, Florida Statutes, from the formal notice requirements of rule 5.025 because section 825.1035(7) contains its own notice and service requirements. Additionally, section 825.1035(5) authorizes the issuance of temporary injunctions ex parte in certain circumstances.

Finally, we add a new revision note to rule 5.025 to detail the aforementioned amendments as well as a new statutory reference to section 825.1035, Florida Statutes.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for

comment prior to their adoption, interested persons shall have sixty days from the

date of this opinion in which to file comments with the Court.[4]

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

4. All comments must be filed with the Court on or before November 26, 2018, with a certificate of service verifying that a copy has been served on Committee Co-Chair Theodore Stanley Kypreos, 505 S. Flagler Drive, Suite 1100, West Palm Beach, Florida 33401-5950, tkypreos@jonesfoster.com, and Committee Co-Chair Cristina Papanikos, 600 Brickell Avenue, Suite 3500, Miami, Florida 33131-3090, cpapanikos@gunster.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Co-Chairs have until December 17, 2018, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – The Florida Probate Rules Committee

Theodore Stanley Kypreos, Co-Chair, Florida Probate Rules Committee, West Palm Beach, Florida; Cristina Papanikos, Co-Chair, Florida Probate Rules Committee, Miami, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

**RULE 5.025.    ADVERSARY PROCEEDINGS**

(a)    **Specific Adversary Proceedings.** The following are adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, obtain an injunction or temporary injunction pursuant to section 825.1035, Florida Statutes, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, reform a will, modify a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted status, determine pretermitted share, determine amount of elective share and contribution, and for revocation of probate of a will.

(b)-(c)    **[No Changes]**

(d)    **Notice and Procedure in Adversary Proceedings**.

(1)    Petitioner must serve formal notice, except as provided in proceedings pursuant to section 825.1035, Florida Statutes.

(2)-(5)    [No Changes]

**Committee Notes**

The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or enter any order that will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided that will facilitate the clerk's and the court's ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:

Court<br>Case #

|  |  |
|---|---|
|  | ) |
| In Re Estate of John B. Jones | ) |
|  | ) |
| Julia Jones, | ) |
|  | ) |
| Petitioner, | ) |

)
v.                                    )
                                      )
Harold Jones, as Personal            )
Representative, et al.,              )
                                      )
Respondents.                         )

## Rule History

1975 Revision-2008 Revision    [No Changes]

2011 Revision: Subdivision (a) revised to add "reform a will, modify a will" and "determine pretermitted status." Subdivision (d)(2) modified to insure that an award of attorneys' fees in a probate or guardianship proceeding follows the law and procedures established for such proceedings, rather than the law and procedures for civil proceedings. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So. 2d 467 (Fla. 2005). Editorial changes to conform to the court's guidelines for rules submissions as set forth in Administrative Order AOSC06-14. Committee Nnotes revised.

2018 Revision: Subdivisions (a) and (d)(1) amended to reference section 825.1035, Florida Statutes. Committee notes revised.

## Statutory References

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 732.201–732.2155, Fla. Stat. Elective share of surviving spouse.

§ 732.301, Fla. Stat. Pretermitted spouse.

§ 732.302, Fla. Stat. Pretermitted children.

§ 732.507, Fla. Stat. Effect of subsequent marriage, birth, adoption, or dissolution of marriage.

§§ 732.6005–732.611, Fla. Stat. Rules of construction.

§ 732.615, Fla. Stat. Reformation to correct mistakes.

§ 732.616, Fla. Stat. Modification to achieve testator's tax objectives.

§ 733.105, Fla. Stat. Determination of beneficiaries.

§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.

§ 733.109, Fla. Stat. Revocation of probate.

§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.

§ 733.208, Fla. Stat. Discovery of later will.

§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.

§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.

§ 733.506, Fla. Stat. Proceedings for removal.

§ 733.5061, Fla. Stat. Appointment of successor upon removal.

§ 733.603, Fla. Stat. Personal representative to proceed without court order.

§ 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.

§ 733.619(2), (4), Fla. Stat. Individual liability of personal representative.

§ 733.814, Fla. Stat. Partition for purpose of distribution.

§ 744.3085, Fla. Stat. Guardian advocates.

§ 744.474, Fla. Stat. Reasons for removal of guardian.

§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

§ 825.1035, Fla. Stat. Injunction for protection against exploitation of a vulnerable adult.

**Rule References   [No Changes]**